COMMODITY FUTURES TRADING
COMMISSION, Plaintiff,

v.

FITC, INC., aka First International Trading, a Nevada Corporation, doing business in California and Texas, Christopher Rubenstrunk, Dwight H. Stephens, Michael Anthony aka Michael L. Wyatt and Rodger Don Hilburn, Defendants.

No. C–85–1555 EFL.

United States District Court,
N.D. California.

March 13, 1985.

Arthur J. Salzberg, Regional Counsel, Commodities Futures Trading Commission, Los Angeles, Cal., Marvin S. Cahn, Jack Hill, San Francisco, Cal., Whitney Adams, Helen Bleckman, Commodities Futures Trading Commission, Washington, D.C., Leonard Goldstein, Turer & Goldstein, Santa Rosa, Cal., Jerry P. Coleman, Office of the Dist. Atty. of City and County of San Francisco, San Francisco, Cal., R. Douglas Zirkle, Kohn, Neff & Zirkle, Tucson, Ariz., Judd C. Iversen, Daniel H. Bookin, Farella, Braun & Martel, Mark J. Breckler, Senior Trial Counsel, Dept. of Corporations, San Francisco, Cal., Roger Don Hilburn, Larkspur, Cal., for plaintiff.

McCutchen, Doyle, Brown & Enersen, Richard Murray, Lynn H. Pasahow, Amy M. Goldberger, San Francisco, Cal., for Frederick S. Wyle, Receiver for FITC, Inc. and Gravenstein Diversified Inc.

## ORDER FOR PRELIMINARY INJUNCTION AND FOR APPOINTMENT OF PERMANENT RECEIVER

LYNCH, District Judge.

This matter is before the Court on the Commodity Futures Trading Commission's ("CFTC") motion for a preliminary injunction and appointment of Frederick S. Wyle as permanent equity receiver. In addition, defendant Anthony moves for modification of the Temporary Restraining Order, and the receiver also requests several orders to clarify his authority in this matter.

On the morning of February 27, 1985, this Court entered a Temporary Restraining Order against FITC, Inc. ("FITC") and its officers, directors and other individual defendants. The Court ordered FITC to "cooperate fully with the receiver in order to locate all of the assets, books and records of FITC."

In direct contempt of the Order of this Court, on the afternoon of February 27, 1985, Christopher Rubenstrunk, President of FITC, initiated Chapter 11 bankruptcy proceedings in Las Vegas, Nevada. This action was taken by Rubenstrunk without the knowledge of FITC's retained counsel, who had appeared before this Court in the morning. The bankruptcy petition has had its intended effect of creating a stumbling block for this Court's receiver and in complicating further the exercise of this Court's jurisdiction over the matter.

### I

Defendant FITC, now seeking to exploit the confusion it has created, moves this Court to stay its proceeding pending the bankruptcy action. The Court denies this motion. It is unequivocally the law in the Ninth Circuit that a filing of a Chapter 11 petition does not stay a continuing civil enforcement proceeding brought by a governmental agency. *Commodity Futures Trading Commission v. CoPetro Marketing Group, Inc.*, 700 F.2d 1279 (9th Cir. 1983) (citing the regulatory exception to the Bankruptcy Code's automatic stay provision, 11 U.S.C. § 362(b)(5)). This Court, therefore, retains full jurisdiction to proceed in this matter and to grant the government's request for a preliminary injunction and to order appointment of a permanent receiver. *See also Securities & Exchg.*

*Comm. v. First Financial Group of Texas,* 645 F.2d 429 (5th Cir.1981).

The Court appointed a receiver on February 27 as a necessary form of ancillary relief based on an extensive record of conversion, misappropriation and concealment of investor funds by FITC and the individual defendants. On the basis of this evidence, the Court appointed a receiver to prevent further fraudulent conduct and to protect investors at an early point in the proceedings. The Court was clearly authorized to appoint a receiver under these circumstances. *Commodity Futures Trading Commission v. CoPetro Marketing Group, Inc.,* 680 F.2d 573, 583 (9th Cir. 1983) (Section 6(1) broad enough to authorize the appointment of a receiver).

■ Once a court appoints a receiver, the management loses the power to run the corporation's affairs. The receiver obtains all the corporation's power and assets. *First Savings & Loan Assoc. v. First Fed'l. Savings & Loan,* 531 F.Supp. 251, 255 (D.Hawaii 1981); *SEC v. Spence & Green,* 612 F.2d 896, 903 (5th Cir.), *cert. denied,* 449 U.S. 1082, 101 S.Ct. 866, 66 L.Ed.2d 806 (1980). Thus it was the receiver, and *only* the receiver, who this Court empowered with the authority to place FITC in bankruptcy. *See Spence,* 612 F.2d at 903.

■ It is apparent to this Court that FITC filed the bankruptcy petition in bad faith and with the intention of interfering with the receiver's marshaling of the corporation's records and assets. As evidence of these ulterior motives, the president of FITC, Christopher Rubenstrunk, appointed himself as debtor-in-possession. As noted by FITC's new counsel at the hearing on this matter, this petition entitles Rubenstrunk to control the assets and records of FITC pending resolution of the bankruptcy petition. Such an appointment directly conflicts with the aggressive efforts of this Court to isolate the individual participants in the FITC fraud from the remaining investor funds. Given the freedom of a debtor-in-possession and the charges which are involved in this case, to allow Rubenstrunk to control the assets without a receiver would leave the defendants free to dispose of their assets virtually at will and would defeat the entire purpose of interposing a receiver to protect the investors from further wrongdoing. *See FTC v. R.A. Walker & Assoc., Inc.,* 37 B.R. 608, 612 (D.D.C.1983).

The uncontroverted evidence in this case demonstrates a systematic attempt by FITC and its officers to conceal records and assets and to impede this Court and its receiver in this action.[1] This sham bankruptcy petition is yet another example. Hiding behind the shield of the bankruptcy court, Rubenstrunk and defendant Anthony refuse to surrender FITC records to the receiver.[2] In addition, Rubenstrunk refuses to surrender to the receiver over $800,000.00 in FITC funds that he holds as "debtor-in-possession." Both of these acts directly violate the express Order of this Court.

■ While not common, this Court may preclude petitions in bankruptcy where there are compelling circumstances. *SEC v. Lincoln Thrift, Assn.,* 577 F.2d 600, 609 (9th Cir.1978); *Limited States v. Royal Business Funds Corp.,* 724 F.2d 12, 15–16 (2d Cir.1983) (a debtor subject to a receiver has no absolute right to file a bankruptcy petition). *Lincoln Thrift* requires that the district court state expressly why the exercise of its authority is preferable to a liquidation in bankruptcy. *Lincoln,* 577 F.2d at 609. In accord, this Court notes the follow-

---

1. On February 24, 1985, a process server observed records being loaded into a car and driven away from FITC. It is apparent from the bankruptcy petition that Rubenstrunk did not turn over to the receiver all records of FITC as ordered. He has kept records sufficient to complete the detailed schedules of the petition, including the names and addresses of all employees and customers. Other records are still missing.

2. Additionally, because of the filing of bankruptcy, banks and commodities' brokers are refusing to surrender FITC assets to the receiver, as this Court has ordered, or to move these assets to interest-bearing accounts.

ing facts. First, the uncontroverted evidence before the Court shows that FITC was merely a front for a large and elaborate commodities fraud.[3] The Court's Order of February 27 prohibits FITC from further operations. There can be no reorganization or restructuring under the terms of this Order. Second, the evidence presented to the Court by the government and the receiver indicates a real danger that any assets released to these defendants will be dispersed, and the fraud against FITC investors will be perpetuated.[4] Finally, the remote (Las Vegas) location chosen by the debtor in which to file, the defendant's refusal to disclose the petition to its counsel (who subsequently withdrew from the case as a result), and the generally uncooperative position maintained by the defendants throughout the receivership indicates that the bankruptcy was a "sham" effort to avoid the jurisdiction of this Court and its receiver.

The action of Rubenstrunk in filing a petition in bankruptcy without the consent of the Court and its receiver directly contravenes this Court's Orders of February 12, 1985 and February 27, 1985. In order to halt the obstructionist tactics of the defendants and to protect its rulings against further circumvention by the officers of FITC, this Court may dismiss the petition in bankruptcy as a vexatious and contemptuous effort to violate its prior Orders. *See SEC v. Financial Group*, 576 F.2d 217, 220 (9th Cir.1978); *Meyerson v. Werner*, 683 F.2d 723, 728 (2d Cir.1982) (district court entitled to exercise its inherent power under 28 U.S.C. § 1651, All Writs Act, to dismiss frivolous Chapter 11 bankruptcy petition).

The Court, therefore, orders defendant Rubenstrunk to withdraw the bankruptcy petition *In Re FITC*, BK–LV 85–258 (Chapter 11), within 48 hours of notice of this Order. Failure to do so will result in an order by this Court citing the defendants for criminal contempt. All assets or records now controlled by the debtor-in-possession are to be surrendered immediately to the receiver Frederick S. Wyle.

II

In addition, this Court orders FITC Christopher Rubenstrunk, Dwight H. Stephens, Michael Anthony aka Michael L. Wyatt, Rodger D. Hilburn, and each of them, and their officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with them, including any financial institution, bank, depository, credit union, brokerage house, futures commission merchant, beneficial owner, or others who directly or indirectly control assets of or belonging to, directly or indirectly, defendant FITC including, but not limited to, those persons and entities listed on Exhibit A, who receive actual notice of this Order, by personal service or otherwise, are hereby ordered to:

1. Transfer forthwith all assets of or belonging to, directly or indirectly, FITC to Frederick S. Wyle, receiver for FITC;

2. Transfer forthwith all books and records of, belonging to, or relating to, FITC to Frederick S. Wyle, receiver for FITC; and

3. Fully cooperate with Frederick S. Wyle, the receiver for FITC, in the

---

3. FITC and the individual defendants engaged in an illegal scheme to sell to the public contracts to purchase silver that FITC had not secured. On its face, this enterprise violates the Commodities Futures Trading Act. The scheme is also permeated with common law fraud: investors were told that their funds were segregated, that they would be covered by future positions obtained by FITC, and that they could have delivery of their silver upon tender of the agreed price. All of these representations were false. In a period of about a year, FITC took in more than $15 million in cash from the public.

So far, the receiver has located only about $2.6 million in cash and less than $110,000 in precious metals. The rest of the $15 million appears to have been paid out to the various defendants.

4. The most recent reports of the receiver's auditors show that Rubenstrunk received over $2 million in. cash from FITC in 1984–85 and Gravenstein Diversified (Anthony's firm) received almost $1 million, none of which has been accounted for or turned over to the receiver.

execution of his duties and responsibilities pursuant to this Court's Order.

Any refusals of any party to comply with this Order should be reported immediately to this Court so that it may initiate an order to show cause for criminal contempt.

### III

The Court also grants the following requests made to this Court by the receiver, Frederick S. Wyle:

(a) Mr. Anthony's attorney, Judd Iverson, is designated as agent for service of process upon Michael Anthony for all matters; and

(b) This Court orders the defendants Anthony, Rubenstrunk, McIntosh and Weisenberger to surrender forthwith to the receiver all records in their possession or under their control and formerly or currently belonging to or dealing with FITC, Gravenstein Diversified, Fit for a King, Nevada General Film, D'Lites N.O.I. or the finances or commercial affairs of Anthony, Rubenstrunk, McIntosh, Weisenberger, and Dwight Stephens, and to make themselves available to the receiver for depositions under oath within five (5) days.

While the Court denies Mr. Wyle's requests for contempt hearings against Anthony and Rubenstrunk at this time, the defendants are placed on notice by this Court that any further violations of its Order will result in proceedings against them for criminal contempt.

### IV

This Court also denies defendant Anthony's motion to modify its Order to unfreeze his assets. The uncontroverted evidence submitted by both the receiver and CFTC shows that Mr. Anthony and Gravenstein Diversified are inextricably intermingled with FITC. Given the relationship between FITC and Gravenstein Diversified and the extent of Anthony's involvement in each, Anthony should remain subject to the orders of this Court. Defendant's motion, therefore, is denied.

### V

In addition to the findings and order contained herein, the Court also grants the plaintiff's motion for preliminary injunction and appointment of a permanent equity receiver. A copy of which was filed with CFTC's petition. The Court continues the previously set status conference date of May 13, 1985 to June 25, 1985, at 9:15 a.m., at which time a date will be set for the hearing on a permanent injunction. If either side wishes an earlier date, they should contact the Court.

It is so ordered.

### EXHIBIT A

| | BANK | NAME OF ACCOUNT | ACCOUNT NO. |
|---|---|---|---|
| 1. | West America Bank 1108 5th Avenue San Francisco, CA 94901 | FITC, Inc. | 501172118 |
| 2. | West America Bank 1177 Francisco Blvd. San Rafael, CA 94901 | Gravenstein Diversified, Inc. | 0515223105 |
| 3. | Bank of America 345 Montgomery St. San Francisco, CA 94137 | First International Trading Co., Inc. | 339–33516 |
| 4. | Bank of America 1995 Union St. San Francisco, CA 94123 | FITC | 028615444 |

| BANK | NAME OF ACCOUNT | ACCOUNT NO. |
|---|---|---|
| 5. First City Bank–Addison 14800 Quorum Drive Addison, TX 75001 | FITC or First International | |
| 6. Texas Commerce Bank–Quorum 5050 Quorum Drive Dallas, TX 75240 | FITC, Inc. | 0014316 |
| 7. Valley Bank 300 S. Fourth St. Suite 1503 Las Vegas, NV 89101 | FITC | 014150051 |
| 8. Gibralter Savings & Loan 767 E. Blithedale Ave. Mill Valley, CA 94941 | Rubenstrunk FITC | 4706142691 4795105814 |

MISC.

Gravenstein Diversified, Inc.
2173 E. Francisco Blvd.
Suite H
San Rafael, CA 94901

Dallas Gold & Silver Exchange
2817 Forest Lane
Dallas, TX 75234

| Lind–Waldock & Company 222 S. Riverside Plaza Suite 320 Chicago, IL 60606 | Rubenstrunk Anthony FITC, Inc. | 91MIN810066 91JAA70287 91GAA72023 |