**UNITED STATES of America, Plaintiff,**

v.

**VANGUARD INVESTMENT COMPANY, INC.,
Defendant.**

No. C–87–374–G.

United States District Court,
M.D. North Carolina,
Greensboro Division.

Aug. 7, 1987.

Joyce A. Oblon, Trial Atty., U.S. Small Business Admin., Washington, D.C., for plaintiff.

David Wagner, Winston-Salem, N.C., and Kevin S. Wiley, Chapman, Reese & Wiley, Dallas, Tex., for defendant.

## MEMORANDUM OPINION AND ORDER FOR PRELIMINARY INJUNCTION AND TEMPORARY RECEIVERSHIP

HIRAM H. WARD, Chief Judge.

This matter comes before the Court on plaintiff's[1] motion and application for a preliminary injunction and temporary receivership respecting defendant, Vanguard Investment Co., Inc. [Vanguard]. The Small Business Administration [SBA] seeks preliminary equitable relief in conjunction with its action against Vanguard, which is a small business investment company licensee. In its underlying action, SBA alleges that Vanguard committed several regulatory violations, and thus, should be dissolved and liquidated. A hearing was held on SBA's motion on July 13, 1987; Joyce Oblon represented the United States and David Wagoner, an attorney and officer of Vanguard, represented defendant. Additionally, the president of Vanguard, Lee Andrews, was present. Finding that SBA has met the statutory requirements of 15

---

1. Plaintiff, United States, brings this action on behalf of the Small Business Administration. Thus, the Court will simply refer to the plaintiff as the Small Business Administration [SBA]. Chapter 14B of Title 15, entitled Small Business Investment Program (15 U.S.C. §§ 661–696), and the regulations promulgated thereunder control the licensing and operation of small business investment companies.

U.S.C. § 687c, the Court will grant its motion for a preliminary injunction and temporary receiver.

## FACTUAL BACKGROUND

On January 2, 1970 Vanguard was incorporated under the laws of North Carolina. Its principal place of business is located in Greensboro, North Carolina. On July 14, 1970, SBA licensed Vanguard as a small business investment company [SBIC] under section 301(d) of the Small Business Investment Act of 1958, *as amended,* 15 U.S.C. § 681(d). SBA licensed Vanguard as a SBIC solely to do business under the provisions of the aforesaid act and the regulations promulgated thereunder. In accordance with statutory authority, SBA purchased a total of $500,000.00 worth of preferred stock from Vanguard on dates from November 29, 1974 to February 28, 1979. Additionally, SBA purchased subordinated debentures in the total face amount of $1,270,000 from Vanguard on dates from November 29, 1974 to September 5, 1979.

SBA brought the instant action filing its complaint and motion for temporary restraining order, preliminary injunction, and temporary receivership on June 11, 1987. On June 16, 1987 the Court held a hearing on the motion for a TRO and temporary receivership; both parties were represented. Upon considering the evidence and hearing argument, the Court entered a TRO and appointed a temporary receiver. *See United States v. Vanguard Investment Co., Inc.,* No. C–87–374–G (M.D.N.C. Temporary Restraining Order and Appointment of Temporary Receiver filed June 16, 1987). The June 16, 1987, Order brought Vanguard under the exclusive jurisdiction of the Court and ended the authority of Vanguard's directors, officers, employees, and agents to act on behalf of Vanguard. *Id.* at 3–4. The parties stipulated that the Order would be effective until the preliminary injunction matter was heard and ruled upon by the Court. *Id.* at 3.

Prior to the hearing on the *preliminary injunction,* but approximately three weeks after the Court's June 16, 1987, Order, a petition for relief under chapter 11 of the bankruptcy code was filed in the Bankruptcy Court for the District of Columbia purportedly on behalf of Vanguard. However, the Court proceeded with the hearing believing that actions by any of the suspended directors, officers, or employees purporting to put Vanguard into bankruptcy were a nullity; and therefore, did not invoke the automatic stay provisions of 11 U.S.C. § 362. Thus, plaintiff's motion for preliminary injunction and temporary receivership is ripe for disposition.

## DISCUSSION

As indicated above, the issue before the Court is whether preliminary injunctive and receivership relief should be granted SBA respecting Vanguard. However, before reaching the merits of this issue, the Court must resolve a preliminary matter related to the filing of a bankruptcy petition purportedly on behalf of Vanguard. As noted above, Mr. Andrews filed a bankruptcy petition during the pendency of this Court's June 16, 1987, Order. In its June 16th Order, the Court took exclusive jurisdiction of Vanguard and suspended the authority of all directors, officers, and employees to act on its behalf. In their stead, a temporary receiver was given all authority to act for Vanguard for the purpose of conserving and preserving its assets. Additionally, the Court enjoined other litigation involving Vanguard.

■ In the face of the Court's Order, Mr. Andrews filed a bankruptcy petition without seeking leave of the Court and without notice thereto. By virtue of the June 16th Order, Mr. Andrews had no authority to so act; and therefore, his actions were null and void, being without legal effect.[2] *See Commodity Futures Trading Co. v. FITC, Inc.,* 52 B.R. 935 (N.D.Cal. 1985). The *FITC* court stated: "Once a court appoints a receiver, the management loses the power to run the corporation's affairs. The receiver obtains all the corporation's power and assets.... Thus it was

---

**2.** Vanguard made no representation that the petition was filed pursuant to authorization by the board of directors; therefore, it may also be deficient under agency principles.

the receiver, and *only* the receiver, who this Court empowered with the authority to place FITC in bankruptcy." *Id.* at 937. The court went on to indicate that while not common, a court may preclude petitions in bankruptcy if compelling circumstances exist and then found that such compelling circumstances existed. *Id.* at 937–38. Although dicta, the Ninth Circuit has indicated that leave of the court is required for a corporation to file bankruptcy in the face of a stay issued as part of a district court TRO and appointment of a temporary receiver. *Securities & Exc. Comm. v. Lincoln Thrift Ass'n.*, 577 F.2d 600, 604 n. 2 (9th Cir.1978). *See also Securities & Exc. Comm. v. Hardy*, 803 F.2d 1034 (9th Cir. 1986) ("a district court's power to supervise an equity receivership and to determine the appropriate action to be taken ... is extremely broad").

Vanguard should have moved this Court for leave to file a bankruptcy petition. Such action would have properly brought before the Court the issues of whether Vanguard is entitled to file a bankruptcy petition as a matter of right and whether such petition should be allowed as, a matter of equitable discretion. However, because Vanguard chose to act without authority and in violation of the TRO–receivership, its purported petition is without legal effect. The Court's conclusion is bolstered by the statutory authorization provided by 15 U.S.C. § 687c. *See United States v. Royal Business Funds Corp.*, 29 B.R. 777, 780 (S.D.N.Y.), *aff'd on other grounds*, 724 F.2d 12 (2d Cir.1983). Section 687c(b) provides that the court "may, to such extent as it deems necessary, take *exclusive* jurisdiction of the licensee." (emphasis added).

■ A somewhat different analysis was applied by the Second Circuit in *United States v. Royal Business Funds Corp.*, 724 F.2d 12 (2d Cir.1983). However, the Court believes that analysis of the instant case under the *Royal* approach renders the same result as discussed above. The *Royal* case involved a dispute between SBA and a SBIC under 15 U.S.C. § 687c. *Id.* at 14. In *Royal* the SBIC entered into a stipulation with SBA. The stipulation recognized SBA's appointment as receiver and gave SBA exclusive power to collect and administer the SBIC's assets under district court supervision. *Id.* Thereafter, the district court entered an order approving the stipulation, taking exclusive jurisdiction of the SBIC, and enjoining all other legal proceedings concerning the SBIC. Subsequently, the SBIC filed a petition in bankruptcy without leave of the court.

On appeal, the *Royal* court did not treat as separate the issue of whether the SBIC's petition in bankruptcy filed without leave of the court is valid in the face of a contrary restraining order from the issue of whether on motion of the SBIC to the district court, the SBIC was entitled as a matter of right to enter bankruptcy. Instead the court implied that the procedural validity of the petition filed without leave and in violation of the restraining order is determined by whether the SBIC has the substantive right to enter bankruptcy. The *Royal* court initially noted the general rule that the pendency of an equitable receivership rarely precludes a petition in bankruptcy. *Id.* at 15. The court also took the position that a receivership under 15 U.S.C. § 687c is governed by principles applicable to federal receivers generally. *Id.* at 16. However, the *Royal* court stated: "[A] debtor subject to a federal receivership has no absolute right to file a bankruptcy petition and federal courts have disallowed petitions where a liquidation under a receiver is substantially under way." *Id.* at 16.

The court went on to indicate that circumstances other than "substantially completed liquidations" justify disallowing a bankruptcy petition; in *Royal* liquidation had not even started. *Id.* The court then listed the facts it believed to be "even more compelling than a substantially completed liquidation." *Id.* In *Royal* there were no significant creditors other than SBA; the debtor consented to the receivership which led to an additional investment by SBA to try and save the company; the receiver had operated the company for over a year; the petition was filed by the debtor, not creditors; the debtor offered no reasons justify-

ing filing the petition but merely asserted an unqualified right to do so.

Although the facts of the instant case are not identical to those in *Royal,* the Court believes them to compel disallowance of Vanguard's purported bankruptcy petition. Prior to the petition, the Court entered a TRO suspending the authority of Vanguard's directors and officers to act on its behalf. At the TRO hearing, Vanguard did not assert or mention its desire to file bankruptcy although it had known for at least three years that it was in liquidation status with the SBA. Subsequent to the TRO, Vanguard, not creditors, filed a petition.

The SBA is Vanguard's primary creditor, having provided large sums of money to it through purchase of debentures and preferred stock. (Intlekofer Affidavit ¶ 21 (filed June 11, 1987)). There are no significant private creditors. *Id.* Vanguard owes SBA approximately $1,049,000 on loans and $645,614 on security obligations. *See* (Hearing Testimony of Walter C. Intlekofer); (Plaintiff's Preliminary Injunction Hearing Exhibit Nos. 16–17 [hereinafter Plaintiff's Hearing Exhibit]). At least as early as March 12, 1984, SBA gave notice of regulatory violations to Vanguard. *See* (Plaintiff's Hearing Exhibit No. 13). As discussed below, SBA has made a convincing showing that Vanguard violated several regulations; and therefore, that it will prevail on the merits of this action. Such a result would entitle SBA to the ultimate relief it seeks under 15 U.S.C. § 687(d). Section 687(d) provides that a SBIC may be dissolved upon a finding by a United States Court of competent jurisdiction of regulatory violation. *See* 15 U.S.C. § 687(d). Thus, SBA's action has, at least in part, some of the characteristics of a regulatory enforcement action.

Vanguard asserts that bankruptcy is preferable to receivership for two reasons. First, it states that the SBA is concerned only with getting its money out and not with other obligees. However, Vanguard loses sight of the fact that the receiver will be under court supervision, and therefore, that all obligees' rights will be adequately protected. Second, Vanguard argues that a chance to reorganize under Chapter 11 is preferable to a liquidation under the Small Business Investment Act. However, the Court is yet to determine whether liquidation or continuance of operations is the appropriate disposition in this case as the receiver has not yet made its report and recommendation. Vanguard has not pointed to any specific reasons why under the facts of this case, a proceeding in bankruptcy would be fairer or more efficient either to itself or to creditors, than a receivership. Indeed, the timing of the filing of the petition is consistent with a motive to undermine this Court's jurisdiction. The Court concludes for the above reasons that under the *Royal* approach, Vanguard is not entitled as a matter of right to file a bankruptcy petition; and therefore, that the petition filed by Vanguard is of no force and effect.

■ The Court now returns to the merits of SBA's motion. The Court observes that the usual requirements for preliminary equitable relief are supplanted by the specific mandate of 15 U.S.C. § 687c. Title 15, United States Code section 687c(a) specifically authorizes a temporary injunction in instances where a licensee has engaged in regulatory violations, stating in pertinent part:

> [U]pon a showing by the administration that [a] licensee ... has engaged [in any acts or practices which constitute ... a violation of any provision of this chapter, or of any rule or regulation under this chapter], a permanent or temporary injunction, restraining order, or other order *shall* be granted without bond. (emphasis added).

Additionally, § 687c states:

> (b) In any such proceeding the court as a court of equity may, to such extent as it deems necessary, take exclusive jurisdiction of the licensee or licensees and assets thereof, wherever located; and the court shall have jurisdiction in any such proceeding to appoint a trustee or receiver to hold or administer under the direction of the court the assets so possessed.

(c) The Administration shall have authority to act as trustee or receiver of the licensee. Upon request by the Administration, the court may appoint the Administration to act in such capacity unless the court deems such appointment inequitable or otherwise inappropriate by reason of the special circumstances involved.

15 U.S.C. § 687c(b), (c).

In the instant case, the statutory prerequisites for a preliminary injunction and temporary receivership have been met. By the testimony and affidavits of Walter C. Intlekofer and accompanying documentary evidence, SBA has made a showing sufficient to justify the equitable relief sought pending final resolution of the merits of this action.

The Court finds that SBA has made a sufficient showing of several regulatory violations. First, the Court finds[3] that Vanguard was capitally impaired in violation of 13 C.F.R. § 107.203(d). Section 107.203(d) defines capital impairment. "Capital impairment shall be deemed to exist when the undistributed net realized earnings deficit of a section 301(d) Licensee exceeds seventy-five percent ... of Private Capital." Vanguard's financial statements for fiscal years 1984 and 1985 demonstrate capital impairment. The 1984 statement, taking Vanguard's numbers at face value, indicates an undistributed net realized earnings deficit [earnings deficit] of $978,-187. (Plaintiff's Hearing Exhibit No. 15 at 2). Private capital is represented to be $900,053. (*Id.* at 2). Therefore, the earnings deficit is 108.68% of private capital, indicating impairment. Using the same analysis on the 1985 financial statement indicates that the earnings deficit was $918,797 and that private capital was $900,-053 which yields an impairment ratio of 102.08%. (Plaintiff's Hearing Exhibit No. 14, at 2). The impairment ratio as calculat-

ed from financial statements for these years may be significantly understated as $400,000 worth of the private capital figure is actually an investment by a governmental entity, the Department of Transportation. (Hearing Testimony of Walter C. Intlekofer).

SBA sent numerous letters to Vanguard about its serious concern regarding the licensee's capital position. *See* (Plaintiff's Hearing Exhibits Nos. 2–8, 10–13). By letter of June 28, 1985, SBA gave Vanguard until December 31, 1985 to cure its capital impairment if it otherwise met its obligations. *See* (Plaintiff's Hearing Exhibit No. 8). SBA extended the deadline to July 31, 1986 and indicated that no further extensions were possible unless Vanguard brought its impairment ratio down to 85% by such date. *See* (Plaintiff's Hearing Exhibit No. 6). Mr. Intlekofer testified at the hearing that Vanguard had a loss in 1986 and that in his opinion Vanguard was still capitally impaired.

Vanguard argued that it received a $250,000 addition to private capital from an investment by the Trudaux Corporation. However, Mr. Andrews, in a June 30, 1987 assessment of Vanguard's financial position, referred to the Trudaux money as a "proposed invest[ment]." *See* (Plaintiff's Hearing Exhibit No. 19). Even with credit for a private capital contribution from Trudaux, Vanguard's earnings deficit to private capital ratio indicates impairment in view of the fact that the $400,000 invested by DOT may not be considered as private capital. Therefore, the Court finds, for present purposes, that Vanguard is capitally impaired under 13 C.F.R. § 107.203(d).[4]

Regarding the effect of capital impairment, section 107.203(d) states in pertinent part:

[C]apital impairment ... shall also constitute an event of *default if* Licensee

---

**3.** The Court's findings are solely for the purpose of resolving the motion for preliminary equitable relief.

**4.** The Court notes that Vanguard's argument that it is only capitally impaired at above the 100% level under a grandfather provision is unpersuasive. To qualify for the grandfather provision, a licensee's earnings deficit must not exceed 100% of private capital during the five year period after September 30, 1983. *See* 13 C.F.R. § 107.203(d). Since Vanguard's ratio exceeded 100% during the five year period, it is not within the grandfather provision.

fails to give SBA prompt *written notice* as soon as it knows or should reasonably have known thereof, *or if, following such notice,* Licensee fails to cure the impairment within time limits set by SBA in writing.... In either such event, SBA may, in its discretion, by written notice declare the entire principal amount of preferred securities and indebtedness of the Licensee, issued to, held or guaranteed by SBA, immediately due and payable.

Therefore, Vanguard's failure to give prompt written notice of capital impairment and failure to cure by July 31, 1986 constituted events of default.

■ The Court also finds that Vanguard failed to make interest payments when due in violation of 13 C.F.R. § 107.906. Plaintiff's Hearing Exhibit No. 16 is a July 13, 1987, certified statement of account for debenture No. 01205700 in the face amount of $490,000. The statement indicates that interest of $18,068.75 was due on October 31, 1986 and remains unpaid and that an identical payment was due on April 31, 1987 and remains unpaid. *See* (Plaintiff's Hearing Exhibit No. 16). Additionally, as admitted by counsel at the TRO hearing, Vanguard failed to meet its interest and principal obligations when due on debenture No. 0115940000 although it subsequently paid off this debenture. *See* (Plaintiff's Hearing Exhibit No. 18 (March 7, 1985 Certified Statement of Account for Debenture 0115940000)). Mr. Intlekofer's testimony at the hearing and his affidavit confirm Vanguard's failure to timely make its interest payments. *See* (Intlekofer Affidavit ¶ 10).

Additionally, SBA accelerated Vanguard's obligations under its outstanding debentures and preferred stock by letter dated March 11, 1985. *See* (Intlekofer's Affidavit Exhibit D). Such acceleration was justified by Vanguard's default in principal and interest payments on the $280,000 debenture and Vanguard's capital impairment without written notice. *See* (Intlekofer Affidavit Exhibit B (principal on $280,000 debenture due on November 29, 1984)); (Plaintiff's Hearing Exhibit No. 18 (Certi-

fied Statement of Account for $280,000 debenture)). Vanguard does not contend that it has paid off the remaining debentures and preferred stock under the acceleration. The above findings demonstrate that Vanguard has breached obligations under its agreements with SBA and therefore violated 13 C.F.R. § 107.906.

Finally, Vanguard has failed to meet the financial reporting requirements for fiscal years 1984, 1985, and 1986. Mr. Intlekofer testified that although Vanguard was required to accompany its 1984, 1985, and 1986, 468 forms with opinion letters from an accountant directed to such form, it did not do so. Additionally, he testified that the form 468 was not submitted for the 1986 fiscal year. *See also* (Intlekofer Affidavit ¶ 16). These deficiencies in financial reporting violated 13 C.F.R. § 107.1002(e).

## CONCLUSION

The Court finds that Vanguard has violated 13 C.F.R. §§ 107.203(d), 107.906(a), and 107.1002(e) respectively by the following actions: (1) failure to give notice of and cure capital impairment, (2) failure to meet interest and principal obligations as required by agreements with SBA, and (3) failure to file both form 468 and accompanying accountant's opinion letter for fiscal years 1984–1986. Additionally, Mr. Intlekofer received a phone call from Mr. Harris (the former president of Vanguard) which indicated a danger of destruction of corporate records. Therefore, SBA is entitled to the preliminary equitable relief it seeks.

Given the nature of Vanguard's regulatory violations and SBA's longstanding attempts to resolve them, the Court believes it must continue to exercise exclusive jurisdiction over Vanguard and maintain the SBA as temporary receiver. The receiver's role is essential in protecting the rights of all interested parties. The receiver must have the opportunity to thoroughly examine the financial and operational status of defendant and render his report and recommendation before the Court can resolve the merits of this action.

The Court observes that SBA appears to be asking now for the ultimate remedy it

seeks under 15 U.S.C. § 687(d).[5] However, SBA's request is premature as the receiver has not entered his report or recommendation nor have the merits of this action been resolved by trial or dispositive motion.

IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED that this Court grants a Preliminary Injunction, and this Court will take exclusive jurisdiction of defendant, Vanguard Investment Company, Inc., and all of its assets wherever situated, and enjoins the defendants, its past and/or present officers, agents, employees and creditors, or any other individual or entity having knowledge of or control over any of defendant's current or former assets, from encumbering, conveying, disposing, levying or executing or in any other manner, dealing with any of the assets of defendant wherever situated and from further violating the Small Business Investment Act of 1958, as amended, and the regulations promulgated thereunder, pending disposition of the merits of this action.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that:

1. Pursuant to the provisions of 15 U.S.C. § 687c, this Court shall take exclusive jurisdiction of Vanguard Investment Company, Inc. (Vanguard), and all of its assets, wherever located, and the Small Business Administration (SBA, Receiver) is hereby appointed receiver of Vanguard to serve without bond until further Order of this Court. The Receiver is appointed for the purpose of preserving and conserving the assets of Vanguard and carrying on its normal business pending further order of this Court. Additionally, the Receiver is appointed for the purpose of thoroughly examining the financial and operational status of Vanguard and making a report thereon with recommendations as to the appropriate disposition of this matter. The Receiver shall make such Report and Recommendations within 60 days after the docketing of this Order.

2. The Receiver shall have all powers, authorities, rights and privileges heretofore possessed by the officers and directors of Vanguard under applicable state and federal law and by the Charter, By-Laws and Articles of Incorporation of said corporation, in addition to all powers and authority conferred upon the Receiver by the provisions of 15 U.S.C. § 687c. The directors, officers, employees and agents of Vanguard are hereby suspended pending further order of the Court. However, such persons may be retained in the discretion of the receiver. Such persons shall have no authority with respect to Vanguard's operations or assets, except as may hereafter be expressly granted by the Receiver. The Receiver shall assume and control the operation of Vanguard and shall pursue and preserve all of its claims. The Receiver may bring suit on any causes of action which Vanguard has against any parties liable to Vanguard.

3. The past and/or present officers, directors, agents and employees of Vanguard as well as all those acting in their place, are hereby ordered and directed to turn over to the Receiver forthwith all books, records, documents, accounts and all other instruments and papers of said corporation and all other assets and property of the corporation, whether real or personal. Vanguard shall furnish a written statement within five (5) days after the entry of this Order, listing the identity, location and estimated value of all assets of Vanguard as well as the names, addresses and amounts of claims of all known creditors of Vanguard. All persons having control, custody or possession of any assets or property of Vanguard are hereby directed to turn such property over to the Receiver.

4. The Receiver shall promptly give notice of its appointment to all known officers, directors, agents, employees, shareholders, creditors, and debtors of Vanguard. All persons and entities owing any obligations or debts to Vanguard shall, until further ordered by this Court, pay all such obligations in accordance with the terms thereof to the Receiver and its receipt for such payments shall have the same force and effect as if Vanguard had

5. 15 U.S.C. § 687(d) provides that upon a finding of noncompliance with the act or regulations, all the rights of a licensee may be revoked and it liquidated and dissolved.

received such payments and receipt thereof.

5. The Receiver is hereby authorized to open such Receiver's bank accounts as it may deem necessary, to utilize SBA personnel, and to employ such other personnel as necessary to effectuate the operation of the receivership including, but not limited to, attorneys and accountants, and is further authorized to expend receivership funds to compensate such personnel in such amounts and upon such terms as the Receiver shall deem reasonable in light of the usual fees and billing practices and procedures of such personnel. The Receiver is not required to obtain Court approval prior to the disbursement of receivership funds for payments to personnel employed by the Receiver or payments for expenses incidental to administration of the receivership.

6. Vanguard's past and/or present officers, directors, agents, shareholders, employees and other appropriate persons shall cooperate fully with the Receiver regarding the business of said corporation, information thereon, or any other matter relevant to the operation or administration of the receivership or the collection of funds due to Vanguard. Should such persons fail to cooperate in accordance with this Order, the Receiver may depose them in accordance with the Federal Rules of Civil Procedure.

7. The parties to any and all civil legal proceedings of any nature, including arbitration proceedings and excluding the instant proceeding, wherever located, involving Vanguard, the Receiver, or any of Vanguard's present officers or directors sued for, or in connection with, any action taken by them while acting in such capacity of any nature, whether as plaintiff, defendant, third-party plaintiff, third-party defendant, or otherwise, or any of the assets of Vanguard, are enjoined from commencing or continuing any such legal proceeding of any nature, including any arbitration proceedings, or from taking any action, including discovery, in connection with any such proceeding. All civil legal proceedings, including arbitration proceedings and excluding the instant proceedings, involving Van-

guard, any of the assets of Vanguard, or any of the present officers or directors of Vanguard sued for, or in connection with, any action taken by them while acting in such capacity of any nature, whether as plaintiff, defendant, third-party plaintiff, third-party defendant, or otherwise, wherever located, are stayed in their entirety, and all Courts having any jurisdiction thereof are enjoined from making or permitting any action until further Order of this Court.

8. Vanguard and its past and/or present directors, officers, agents, employees and other persons acting in concert or participation therewith be, and they hereby are, enjoined from either directly or indirectly taking any actions or causing any such action to be taken which would dissipate the assets and property of Vanguard to the detriment of the Receiver appointed in this cause, including but not limited to destruction of corporate records, or which would violate the Small Business Investment Act of 1958, as amended, (the Act), 15 U.S.C. § 661 *et seq.*, or the regulations promulgated thereunder, (the Regulations), 13 C.F.R. § 107.1 *et seq.* (1985).

9. The Receiver is authorized to borrow on behalf of Vanguard, from the SBA. The Receiver is authorized to cause Vanguard to issue Receiver's Certificates of Indebtedness in the principal amounts of the sums borrowed. Said Receiver's Certificates of Indebtedness shall have priority over all other debts and obligations of Vanguard, excluding administrative expenses, whether presently existing or hereinafter incurred, including without limitation any claims of stockholders of Vanguard.

10. This Order shall become effective immediately upon filing and service upon the defendant by the United States Marshal and shall remain in full force and effect until the resolution of the merits of this matter.