UNITED STATES of America,
Plaintiff–Appellee,

v.

VANGUARD INVESTMENT COMPANY,
INC., Defendant–Appellant.

No. 88–2130.

United States Court of Appeals,
Fourth Circuit.

Argued April 14, 1989.

Decided March 12, 1990.

As Amended July 2, 1990.

Kevin Stuart Wiley, Sr. (argued), Chapman, Reese & Wiley, P.C., Dallas, Tex. (David Wagner, Winston–Salem, N.C., on brief), for defendant-appellant.

Joyce Ann Oblon, Small Business Admin., Washington, D.C., for plaintiff-appellee.

Before RUSSELL and PHILLIPS, Circuit Judges, and HAYNSWORTH, Senior Circuit Judge.*

PER CURIAM:

This appeal concerns action taken by the Small Business Administration of the United States Government ("SBA") against a "small business investment company" ("SBIC"), Vanguard Investment Co., Inc. ("Vanguard"). For the reasons stated below, we affirm.

Vanguard was incorporated under the laws of North Carolina in 1970, and was also licensed by the SBA that year as a small business investment company under section 301(d) of the Small Business Investment Act of 1958 ("the Act"), as amended, 15 U.S.C. § 681(d). The SBA subsequently purchased $500,000 worth of preferred stock from Vanguard between November 29, 1974, and February 28, 1979. The SBA also purchased debentures with a face amount of $1,270,000 from Vanguard on dates from November 29, 1974, to September 5, 1979.

Vanguard subsequently developed financial difficulties. Because of these problems, and because Vanguard had allegedly violated several regulations promulgated

---

* Judge Haynsworth participated in the consideration of this case but died prior to the time the decision was filed. The decision is filed by a quorum of the panel. 28 U.S.C. § 46(d).

under the Act, the SBA moved the district court for a temporary restraining order and a temporary receivership of Vanguard. Both parties were present at the temporary restraining order hearing, and the SBA's motions were granted. The SBA also moved for a preliminary injunction, but before that hearing could be held, Vanguard applied for Chapter 11 bankruptcy. At the next hearing, the district judge ruled that Vanguard's bankruptcy petition was void because the temporary restraining order had brought Vanguard within the exclusive jurisdiction of the district court. A preliminary injunction was then granted to the SBA. The SBA next moved for forfeiture of Vanguard's SBIC license and a dissolution of the company, a permanent injunction, a receivership for the purpose of liquidating the company, and a money judgment for principal and interest due on the debentures. Cross motions for summary judgment followed. The district judge granted the SBA's summary judgment motion, except that it left the SBA's claims on its equity holdings to be made before a receiver. Vanguard has appealed these rulings on numerous grounds. Since the district judge published two extensive opinions in this case, we dispense with a further discussion of the facts. *See United States v. Vanguard Investment Company, Inc.,* 667 F.Supp. 257 (M.D.N.C.1987) *("Vanguard I")*; *United States v. Vanguard Investment Co.,* 694 F.Supp. 1219 (M.D.N.C.1988) *("Vanguard II")*.

There are two questions presented by this appeal. First, was the district judge correct in concluding that Vanguard was not entitled to file a bankruptcy petition as a matter of right? Second, was the district judge correct in granting the SBA's motion for summary judgment on the basis that no genuine issue of fact existed and that Vanguard violated SBA regulations? On both issues, we affirm.

■ As for the bankruptcy petition issue, the district judge wrote a thorough published opinion that disposes of this issue, in addition to addressing other issues not raised on appeal. *See Vanguard I,* 667 F.Supp. 257.**

■ The district judge was also correct in granting summary judgment to the SBA. Vanguard argues that summary judgment in favor of the SBA was improper because there existed material issues of fact. This argument is meritless. Vanguard does not dispute that it violated the Act's regulations, and it admits in its brief that it did not make the required principal and interest payments. Upon a showing of any violation of the Act or regulations promulated pursuant to the Act, a small business investment company's license may be revoked. 15 U.S.C. § 687. The district judge specifically found that Vanguard had violated regulations pertaining to capital impairment (13 C.F.R. § 107.203(d)), financial reporting (13 C.F.R. § 107.1002(e)), and interest obligations (13 C.F.R. § 107.906). Thus, summary judgment was properly granted. *See Vanguard II,* 694 F.Supp. 1219.

Beyond these two points of appeal, the appellant has raised numerous minor issues in its brief which we find to be without merit.

AFFIRMED.

---

** We emphasize that we address only Vanguard's ability to file a voluntary petition and do not suggest that the appointment of a receiver might affect the ability of a creditor to file an involuntary petition or the merits thereof. We affirm only on that part of the district court's opinion which rests its decision on lack of authority of the officers and directors of Vanguard to act to file a petition in bankruptcy.