CANADIAN TRANSPORT COMPANY, a division of MacMillan Bloedel (Alberni) Limited, Plaintiff-Appellant,

v.

IRVING TRUST COMPANY, Defendant-Appellee.

No. 76–7401.

United States Court of Appeals, Second Circuit.

Argued Nov. 5, 1976.

Decided Jan. 17, 1977.

David A. Nourse, New York City, for plaintiff-appellant; Kirlin, Campbell & Keating, Jacques L. Jones, New York City, of counsel.

Walter J. Holzka, New York City, for defendant-appellee; Winthrop, Stimson, Putnam & Roberts, John F. Pritchard, New York City, of counsel.

Before MOORE, MANSFIELD and MESKILL, Circuit Judges.

PER CURIAM:

Plaintiff-appellant, Canadian Transport Company ("Canadian Transport") appeals from the denial by the District Court of a preliminary injunction, seeking to restrain defendant-appellee Irving Trust Company ("Irving Trust") from honoring any draft drawn under Irving Trust's Irrevocable Letter of Credit No. 012556 ("Letter of Credit"), which authorized Lebanon Steel Mill Company ("Steel Mill"), of Tripoli, Lebanon, to draw on Irving Trust up to $225,-000 under certain conditions hereinafter described. The facts are quite complex and will be outlined only to the extent necessary to pass upon the only appellate issue presented to us, namely, was the preliminary injunction properly denied.

A vessel owned by Saint Ioannis Shipping Ltd. ("Saint Ioannis Shipping"), and chartered by Canadian Transport, was carrying cargo for Steel Mill from Australia to Tripoli. When the cargo arrived late, Steel Mill instituted proceedings for damages in the Lebanese courts. Steel Mill claimed a maritime lien and had the vessel arrested. To induce Steel Mill to release the vessel, Saint Ioannis Shipping arranged to have Irving Trust issue a Letter of Credit in favor of Steel Mill for its (Saint Ioannis Shipping) account. The Letter of Credit authorized Steel Mill to draw up to $225,000 upon presentation of a draft and either a judgment from the Lebanese court, a settlement agreement, or under the following contingency. The Letter of Credit contained an expiration date of September 24, 1976, and provided for automatic extension of the credit for additional periods of one year unless Irving Trust informed Steel Mill that it was electing not to extend the credit. If Irving Trust elected not to extend, Steel Mill could then draw on the credit, provided that it accompanied its draft with a signed statement reading as follows:

"We certify that the settlement of the damages we incurred has not been arrived at and this liability is still due to us. The proceeds of this draft will be retained and used by us to meet any payments which we may be required to make. In the event our liability is satisfied, we will refund to you the amount of this drawing less any amounts paid."

Canadian Transport then arranged to have Canadian Imperial Bank of Commerce ("Imperial Bank") provide back-up security for the Irving Trust Letter of Credit by issuing another letter of credit—for the account of its customer, Canadian Transport, and in favor of Irving Trust for the account of Saint Ioannis Shipping. This second letter had the same provisions as to extension.

On September 29, 1975, Arab Bank Limited of Tripoli ("Arab Bank") advised Irving Trust that Steel Mill wished the Letter of Credit to be amended so that it would be confirmed by Arab Bank. In a cable dated September 20, Irving Trust requested Arab Bank to add its confirmation to the Letter of Credit.

On July 20, 1976, Canadian Transport issued instructions to Imperial Bank not to extend its letter of credit in favor of Irving Trust beyond September 24, 1976, the expiration date. On July 21, Imperial Bank telegraphed these instructions to Irving Trust. Irving Trust thereupon cabled Arab Bank that it was electing not to extend its Letter of Credit.

On July 28, Canadian Transport claimed that its instructions to Imperial Bank had been issued as a result of a mistake. At Canadian Transport's request, Imperial Bank informed Irving Trust that it withdrew its notice that its letter of credit would not be extended. On July 29, Irving Trust sent a message to Arab Bank asking it to advise Steel Mill that it (Irving Trust) was voiding its cable of July 21, and that it would extend the Letter of Credit until September 24, 1977.

On August 2, Irving Trust received a cable from Arab Bank sent on July 29, referring to Irving Trust's cable of July 21, and stating that since Irving Trust had elected not to extend, a draft in the amount of $225,000 accompanied by the required signed statement was being sent to Irving Trust via registered air mail. That same day, Irving Trust telexed Arab Bank repeating its message of July 29 voiding its election not to extend, and asking Arab Bank to reply immediately if it wished to withdraw its payment request.

On or about August 11, Canadian Transport filed a complaint in the district court and moved for a preliminary injunction restraining Irving Trust from honoring any draft drawn under the Letter of Credit which was predicated on the alleged election not to extend.

On August 20, Judge Werker denied appellant's motion for a preliminary injunction. Judge Werker made no findings of fact or conclusions of law. A stay has been granted pending appeal.

Irving Trust informed Arab Bank of the stay on August 23. Arab Bank cabled back on September 7 that it had already paid Steel Mill the $225,000 and that Steel Mill had refused Irving Trust's proposal for a new extension.

The complaint which underlies the injunction request alleges that Canadian Transport "fears that once Lebanon Steel draws the $225,000 under Irving Trust's Letter of Credit, it will not hold said sums in escrow pending the outcome of the litigation or settlement between the parties of the underlying disputes but instead Lebanon Steel will use them to satisfy its claims asserted against owners of the FROSSO K in the suit which it has brought against the Owners in the Lebanon courts and indeed may discontinue the suit." Further fears are expressed as to the possible consequences, "given the turbulent civil war now raging in Lebanon", with respect to Steel Mill's existence or at least its responsibility to perform its obligations.

To the extent that the $225,000 has already been paid to Steel Mill, Canadian Transport's fears have already been realized. The future of Lebanon or Steel Mill is too speculative as a foundation for judicial pronouncement at this time.

■ Upon the presently known facts, the District Court was quite justified in denying a preliminary injunction. Among the many [1] parties involved, it is too early to try to decide, if there be a loss, who should bear it.

Canadian Transport requested the Letter of Credit to free the vessel from arrest. It obviously consented to its terms. Whatever may be its reason for its refusal-to-extend "mistake", it did give the notice of refusal. From that time on, Irving Trust and the other interested parties acted strictly in accordance with the terms of the Letter. What the ultimate consequences will be can only be determined upon a trial at which all the pertinent facts can be adduced. There are too many uncertainties at this time to warrant a decision on the merits or on such questions as Canadian Transport would raise, namely, penalty or *ultra vires*. Nor do we pass upon the question of indispensable parties. Suffice it to say that the tests for a preliminary injunction as outlined in *Sonesta Int'l Hotels Corp. v. Wellington Associates*, 483 F.2d 247 (2d Cir. 1973) have not been met. Furthermore, upon the facts thus far revealed there would appear to be an adequate remedy at law.

■ As to the failure of the District Court to make findings of fact and conclusions of law as required by Rule 52(a) of the Federal Rules of Civil Procedure, where a reviewing court "can discern enough solid facts from the record to enable it to render a decision", *English v. Town of Huntington*, 448 F.2d 319, 321 (2d Cir. 1971), it may proceed to review, as if *de novo*. The facts, as disclosed in the complaint and affidavits,

---

1. Canadian Transport, Irving Trust, Imperial Bank, Saint Ioannis Shipping, Arab Bank and Steel Mill.

are sufficiently solid to justify the denial of a preliminary injunction.

Order affirmed. Stay vacated.