KEARSE, Circuit Judge:
Appellant Dominick Vulpis (“Dominick”) appeals from an order of the United States District Court for the Southern District of New York, Constance Baker Motley, Judge, enjoining him from filing a bankruptcy petition on behalf of Rosedale Carting, Inc. (“Rosedale” or the “company”). On appeal, Dominick contends principally (1) that he received inadequate notice prior to entry of the injunction, (2) that the court’s findings were inadequate to support the issuance of such an injunction, and (3) that such an injunction was impermissible as a matter of law. Finding no merit in his contentions, we affirm the order of the district court.
I. BACKGROUND
The present appeal arises out of the government’s prosecution of a number of entities, including Rosedale and Dominick’s brother Anthony Vulpis (“Anthony”), but not including Dominick, for various racketeering and mail fraud offenses in connection with unlawful waste dumping operations. The factual background of the prosecution is more fully set forth in United States v. Paccione, 948 F.2d 851 (2d Cir. 1991) (“Paccione T’) (ruling government *370 not entitled to take title to defendants’ assets upon defendants’ default on agreement to pay cash forfeitures), and United States v. Paccione, 949 F.2d 1183 (2d Cir.1991) (“Paccione IF) (November 15 opinion affirming convictions), familiarity with which is assumed.
In September 1989, prior to trial, the district court entered a restraining order (“Restraining Order”) prohibiting Dominick and others from dealing with the assets of, inter alios, Rosedale. Upon Rosedale’s conviction, Anthony and Dominick, each owning 50% of the company, and their father Michael Vulpis, who had been a state-appointed receiver of the company, agreed on behalf of Rosedale, in a June 1990 agreement so-ordered by the court (“Agreement”), to pay the government $22 million within 90 days in satisfaction of all fines, forfeitures, and restitution otherwise payable on account of the conviction. They also agreed that the Restraining Order was to remain in effect until such time as the government was paid in full, and they agreed to the appointment of a court-appointed trustee to oversee the operation of the company until such time as the government received the agreed $22 million. The court appointed such a trustee shortly thereafter.
None of the $22 million was paid. Following the defaults, the court modified the trustee’s appointment, granting him power to oversee the sale of the defendant corporations’ assets, and the trustee has attempted to sell those assets. In August 1991, Michael Vulpis was held in civil contempt for willfully violating the Agreement and the Restraining Order by acting to threaten or defraud Rosedale customers, employees, and prospective purchasers. In September 1991, Dominick, Rosedale’s president, was fired by the trustee in the belief that he was partly responsible for the diversion of customers from Rosedale.
In October 1991, Dominick announced his intention to file a bankruptcy petition on behalf of Rosedale. The government objected, and the court convened a conference on November 12, 1991, at Dominick’s request. Dominick asserted, without supporting evidence, that he could achieve a sale of Rosedale’s assets if he were permitted to operate the company under the jurisdiction of the bankruptcy court. His attorney stated that one result of the bankruptcy proceeding would be that the government would be required to file its $22 million claim like any other creditor. In opposition, the government reviewed in some detail the then-recent contempt proceedings, and described Dominick’s 18-month window of opportunity to introduce prospective buyers and the fact that no such introductions had been forthcoming. The trustee stated that he was currently finalizing a letter of intent for the sale of the Rosedale assets to a national company. The government asked the court to enjoin Dominick from placing Rosedale in bankruptcy.
After hearing argument, the court stated as follows:
The Court: Mr. Sklaroff [Assistant United States Attorney] ... enumerated the orders already issued by this court in which a move to proceed now, bankruptcy would be in clear violation of those orders. I don’t see how you could argue it would not. That’s the purpose of the orders in the first place, to preserve the assets of Rosedale until this matter is decided one way or the other on the appeal, at the very least, and of course, if their convictions are affirmed, to proceed with getting the $22 million, which they agreed to forfeit to the government.
And I would like the record to show we have petitioned [sic ] now for the government to have others show cause why they should not be held in contempt for interfering with the business and assets of Rosedale. We’ve already had a contempt proceeding involving Michael Vul-pis. Others were served with notice of that proceeding so that they would know that they were not to interfere with the assets of Rosedale.
The long and short[] of it is that I’m spending a great deal of time now on this case trying prevent [sic] people from interfering with the assets of Rosedale and dissipating those assets or taking those assets outright. So I think that *371 the thing to do, Mr. Kelly [attorney for Dominick], is to enjoin you and your client, as the government has requested, from proceeding in a bankruptcy court or any other court pending the resolution of this case in the Court of Appeals and here.
(Hearing Transcript, November 12, 1991, at 38-39.) Accordingly, the court entered an order enjoining Dominick, his attorney, and all persons acting in concert with them from filing a bankruptcy petition on behalf of Rosedale.
This appeal followed.
II. DISCUSSION
Dominick contends that the injunction must be set aside because he did not have adequate notice of the government’s motion, that the court’s findings were inadequate, and that such an injunction is unauthorized as a matter of law. These contentions have no merit.
Though most motions are made in writing in advance of a hearing, Dominick’s complaint that he did not receive advance notice is meritless, because Fed.R.Civ.P. 7(b)(1) expressly contemplates that a motion may be made orally during a hearing. Further, Dominick is ill-positioned to claim prejudice from the fact that the government’s motion was made orally at the November 12 hearing, for that hearing was convened by the court at the request of Dominick who sought reassurance from the court, over the government’s previously expressed opposition, that his proposed bankruptcy filing on behalf of Rosedale would not contravene outstanding court orders. Having precipitated the hearing for that purpose, Dominick can hardly claim genuine surprise that the court would consider forbidding him to act on his proposal.
Nor are we persuaded that the court’s findings were inadequate to support the issuance of the injunction. Such findings need not be written but may be stated orally and recorded in open court. See Fed.R.Civ.P. 52(a). A district court’s statement is sufficient to meet the requirements of Rule 52(a) if it informs the court of appeals of the basis of the decision, thereby permitting appropriate appellate review. See, e.g., Mayo v. Lakeland Highlands Canning Co., 309 U.S. 310, 316, 60 S.Ct. 517, 5, 84 L.Ed. 774 (1940); Canadian Transport Co. v. Irving Trust, Co., 548 F.2d 53, 55 (2d Cir.1977); English v. Town of Huntington, 448 F.2d 319, 321 (2d Cir.1971). Here the district court made plain its view that a number of people had been interfering with the assets of Rosedale and that Dominick’s proposed bankruptcy proceeding would be in clear violation of the court’s prior orders. These statements are adequate to permit us to perform our appellate review function, and the record provided factual support for the court’s findings.
Finally, we reject Dominick’s contention, made in reliance on the general rule that the pendency of an equitable receivership rarely precludes a petition in bankruptcy, see, e.g., United States v. Royal Business Funds Corp., 724 F.2d 12, 15 (2d Cir.1983), that any injunction against his filing a bankruptcy petition on behalf of Rosedale was impermissible. In Royal Business Funds, we observed that notwithstanding this general rule, a debtor who, in connection with his debt, has agreed to the appointment of a federal receiver may be enjoined from pursuing a bankruptcy proceeding. In that case, the defendant had received a loan from the Small Business Administration (“SBA”) and entered into a court-ordered stipulation that (1) provided for the SBA to be appointed as receiver, (2) greatly limited the powers of the defendant’s officers and directors, (3) provided for the district court to take “exclusive jurisdiction” over the defendant’s assets, and (4) enjoined all other legal proceedings concerning the defendant. The defendant filed a petition in bankruptcy, but the district court entered an injunction staying the bankruptcy proceedings. We upheld the injunction, noting that, although the defendant might have “freely filed the bankruptcy petition before consenting to the Stipulation and Order, its consent to the receivership and limitation on the powers of its board and its acquiescence in the provision of fresh capital from the SBA cannot be *372 brushed aside.” Id. at 15. We concluded that as “a debtor subject to a federal receivership[, the defendant] ha[d] no absolute right to file a bankruptcy petition.” Id. at 16.
In the present matter, Dominick, as Rosedale’s president and 50% owner, signed the Agreement, which, inter alia, (a) indebted Rosedale to the government for $22 million, (b) provided for the appointment of a trustee to oversee the operations of Rosedale until such time as the government received the agreed $22 million, and (c) recognized the continuation of the Restraining Order prohibiting interference with Rosedale’s assets. Dominick’s position is thus not significantly different from that of the debtor in United States v. Royal Business Funds Corp. His right to file a bankruptcy petition, after signing the Agreement, was significantly limited, and on the present record it was well within the discretion of the district court to enjoin such a filing.
CONCLUSION
We have considered all of Dominick’s arguments on this appeal and have found them to be without merit. The order of the district court is affirmed.