In re Salvatore J. MAZZEO, Debtor.

Salvatore J. Mazzeo, Appellant,

v.

Peter J. Lenhart and the Estate of Paul Lenhart, Appellees.

No. 98–5039.

United States Court of Appeals, Second Circuit.

Argued Jan. 13, 1999.

Decided Feb. 10, 1999.

Joseph J. Haspel, New City, New York (Stein Riso Haspel & Jacobs, New City, New York, on the brief), for Appellant.

Paul Hollender, Staten Island, New York (Corash & Hollender, Staten Island, New York, on the brief), for Appellee.

Before: VAN GRAAFEILAND and KEARSE, Circuit Judges, and WEXLER, District Judge. *.

Judge VAN GRAAFEILAND concurs, in a separate opinion.

KEARSE, Circuit Judge:

Debtor Salvatore J. Mazzeo, who in November 1996 filed for relief under Chapter 11 of the United States Bankruptcy Code ("Code"), 11 U.S.C. § 1101 *et seq.* (1994), in the United States Bankruptcy Court for the Eastern District of New York, appeals from a judgment of the district court, Thomas C. Platt, *Judge,* upholding an order of the bankruptcy court, Dorothy Eisenberg, *Judge,* which lifted the automatic stay resulting from the filing of Mazzeo's bankruptcy petition and allowed appellees Peter J. Lenhart and the Estate of Paul Lenhart ("the Lenharts") to proceed with a pending lawsuit against Mazzeo in order to determine the validity and amount of their claims. Mazzeo challenges the bankruptcy court's order on the grounds that appellees failed to show cause for the lifting of the automatic stay and that the court did not make findings sufficient to support its decision. For the rea-

---

* Honorable Leonard D. Wexler, of the United States District Court for the Eastern District of New York, sitting by designation.

sons that follow, we vacate and remand to the bankruptcy court for further findings.

## BACKGROUND

In April 1995, Paul Lenhart and his wife Betty commenced an action in the United States District Court for the District of Hawaii against Mazzeo, his securities firm, and a dozen other individuals, alleging, *inter alia,* that the defendants had violated various state and federal securities laws, breached their fiduciary duties, and stolen client funds (the "Hawaii case"). Although Mr. & Mrs. Lenhart proceeded to obtain default judgments against most of the defendants, the Hawaii case was automatically stayed as to Mazzeo when he filed his Chapter 11 petition in November 1996, *see* 11 U.S.C. § 362(a)(1) (1994). In the bankruptcy proceeding, which was eventually converted to a case under Chapter 7 of the Code, 11 U.S.C. § 701 *et seq.* (1994), the Lenharts filed claims based on the claims asserted in the Hawaii case. Mazzeo moved to disallow the Lenharts' claims, arguing in part that he was not obligated to the Lenharts because no judgment had been obtained against him in the Hawaii case.

In response to a suggestion by the bankruptcy court, the Lenharts moved for relief from the automatic stay, submitting an affidavit and documents describing the Hawaii case and an investigation conducted by the State of Hawaii Department of Commerce and Consumer Affairs. The Lenharts argued chiefly that

[i]n light of the complex matters which must be resolved in the underlying litigation in order to fix the amount of the Lenharts' claims, it is believed that it is best to allow the Hawaii District Court to determine liability.

13) In addition, ... it is clear that in order to make a determination in the underlying action, it is necessary that the court be familiar with federal securities law, as well as Hawaii state law. Therefore, Hawaii District Court is the most appropriate forum in which this litigation should be resolved.

14) For the reasons outlined above, it is believed that relief from the automatic stay

should be granted so that the action in Hawaii may continue to judgment for the purpose of fixing the amount of the Lenharts' claims in the Mazzeo bankruptcy case.

(The Lenharts' Application in Support of Motion To Lift the Automatic Stay ¶¶ 12–14.)

After hearing oral argument on the motion, the bankruptcy court granted the Lenharts' motion, stating as follows:

I am not going to make any decisions upon what happened based on your allegations of the facts, but I am granting your motion because I believe that the issue of securities fraud belongs in the court where it was started.

(Hearing Transcript September 5, 1997 ("Tr.") at 9.) The court stated that the fact that the Lenharts filed claims in Mazzeo's New York bankruptcy proceeding

does not mean that the burden now shifts for that creditor to come into this court; nor does it mean that this Court must undertake that kind of litigation when it can very competently be dealt with in a court where the case was already started, where the court is familiar with the issues, and where the Court can make that decision.

.... I am not going to allow this bankruptcy to take away the jurisdiction of th[e Hawaii district] Court in regard to securities fraud. That's my decision.

(Tr. 10.) The court cautioned the Lenharts that its order did not entitle them to execute on any judgment they might be awarded in the Hawaii case; rather they were directed to return with their judgment to the bankruptcy court for further proceedings.

Mazzeo appealed to the district court, which upheld the bankruptcy court's decision. Citing several of the factors set out in *In re Sonnax Industries, Inc.,* 907 F.2d 1280, 1285 (2d Cir.1990), the district court dismissed the appeal, concluding that "[t]he Bankruptcy Court's statements support appellees' arguments and provide adequate cause to lift the automatic stay." District Court Memorandum and Order dated June 6, 1998, at 5. The appeal to this Court followed.

DISCUSSION

■ An order of a district court functioning in its capacity as an appellate court in a bankruptcy case is subject to plenary review. *See, e.g., In re Mazzeo,* 131 F.3d 295, 301 (2d Cir.1997); *In re Best Products Co., Inc.,* 68 F.3d 26, 29 (2d Cir.1995). Thus, we " 'independently review the factual determinations and legal conclusions of the bankruptcy court.' " *In re Momentum Manufacturing Corp.,* 25 F.3d 1132, 1136 (2d Cir.1994) (quoting *In re PCH Associates,* 949 F.2d 585, 597 (2d Cir.1991)).

■ The bankruptcy court's decision on a motion to lift the automatic stay is reviewable only for an abuse of discretion. *See, e.g., In re Boodrow,* 126 F.3d 43, 47 (2d Cir.1997), *cert. denied,* — U.S. —, 118 S.Ct. 1055, 140 L.Ed.2d 118 (1998); *In re Sonnax Industries, Inc.,* 907 F.2d at 1286. Reviewable-for-abuse-of-discretion, however, does not mean unreviewable. Under the rules governing proceedings in the bankruptcy courts, Rule 52(a) of the Federal Rules of Civil Procedure applies to the resolution of a dispute over a request for relief from the automatic stay. *See* Fed. R. Bankr.P. 4001(a), 9014, 7052; *id.* Rule 9014 Advisory Committee Notes. Rule 52(a) provides, in pertinent part, that

[i]n all actions tried upon the facts without a jury or with an advisory jury, the court shall find the facts specially and state separately its conclusions of law thereon....

Fed.R.Civ.P. 52(a); *see also id.* ("in granting or refusing interlocutory injunctions the court shall similarly set forth the findings of fact and conclusions of law which constitute the grounds of its action"). A principal purpose of the requirement for specific factual findings is to inform the appellate court of the basis of the decision and to permit effective appellate review. *See, e.g., Kelley v. Everglades Drainage District,* 319 U.S. 415, 422, 63 S.Ct. 1141, 87 L.Ed. 1485 (1943); *Mayo v. Lakeland Highlands Canning Co.,* 309 U.S. 310, 316, 60 S.Ct. 517, 84 L.Ed. 774 (1940); *Itel Containers International Corp. v. Atlanttrafik Express Service Ltd.,* 909 F.2d 698, 704 (2d Cir.1990); *Blaise v. Wolinsky,* 219 B.R. 946, 948 (2d Cir.BAP 1998). The findings of fact and conclusions of law need not be written but

may instead be stated orally and recorded in open court. *See, e.g.,* Fed.R.Civ.P. 52(a); *United States v. Vulpis,* 961 F.2d 368, 371 (2d Cir.1992). And they need not include " 'punctilious detail [ ]or slavish tracing of the claims issue by issue and witness by witness.' " *Krieger v. Gold Bond Building Products,* 863 F.2d 1091, 1097 (2d Cir.1988) (quoting *Ratliff v. Governor's Highway Safety Program,* 791 F.2d 394, 400 (5th Cir. 1986)). The findings and conclusions must, however, at least be sufficient to permit meaningful appellate review; and where such findings and conclusions are lacking, we may vacate and remand. *See, e.g., Itel Containers International Corp. v. Atlanttrafik Express Service Ltd.,* 909 F.2d at 704; *Weitzman v. Stein,* 897 F.2d 653, 658 (2d Cir.1990); *Badgley v. Santacroce,* 815 F.2d 888, 889 (2d Cir.1987) (per curiam).

■ To the extent pertinent here, the Bankruptcy Code provides for the lifting of the automatic stay as follows:

On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay ...

(1) for cause, including the lack of adequate protection of an interest in property of such party in interest.

11 U.S.C. § 362(d)(1). "Neither the statute nor the legislative history defines the term 'for cause' and the legislative history gives only very general guidance." *In re Sonnax Industries, Inc.,* 907 F.2d at 1285. Thus the " 'facts of each request will determine whether relief is appropriate under the circumstances.' " *Id.* at 1286 (quoting H.R.Rep. No. 95–595, at 343–44 (1977), *reprinted in* 1978 U.S.C.C.A.N. 6300). The burden is on the moving party to make an initial showing of "cause" for relief from the stay. *See, e.g., In re Sonnax Industries, Inc.,* 907 F.2d at 1285. Only if the movant makes such a showing does any burden shift to the debtor; absent a showing of cause, the court should simply deny relief from the stay. *See, e.g., id.; In re Boodrow,* 126 F.3d at 48.

■ In *In re Sonnax Industries, Inc.,* 907 F.2d at 1285, we listed a number of factors ("*Sonnax* factors") that may be relevant in deciding whether the stay should be lifted in

order to permit litigation to continue in another forum:

> (1) whether relief would result in a partial or complete resolution of the issues; (2) lack of any connection with or interference with the bankruptcy case; (3) whether the other proceeding involves the debtor as a fiduciary; (4) whether a specialized tribunal with the necessary expertise has been established to hear the cause of action; (5) whether the debtor's insurer has assumed full responsibility for defending it; (6) whether the action primarily involves third parties; (7) whether litigation in another forum would prejudice the interests of other creditors; (8) whether the judgment claim arising from the other action is subject to equitable subordination; (9) whether movant's success in the other proceeding would result in a judicial lien avoidable by the debtor; (10) the interests of judicial economy and the expeditious and economical resolution of litigation; (11) whether the parties are ready for trial in the other proceeding; and (12) impact of the stay on the parties and the balance of harms.

*In re Sonnax Industries, Inc.,* 907 F.2d at 1286. Not all of these factors will be relevant in every case.

In the present case, the bankruptcy court did not mention *Sonnax,* or any doctrinal framework, and it is unclear whether that court considered any of the *Sonnax* factors. Further, the bankruptcy court's sparse factual findings make it unclear whether the court properly applied the law. The bankruptcy court's only statements of its reason for lifting the automatic stay were that "the issue of securities fraud belongs in the court where it was started" (Tr. 9), and that that issue "can very competently be dealt with in a court where the case was already started, where the court is familiar with the issues, and where the Court can make that decision" (Tr. 10). The latter statement seems tautological. The former appears to suggest that the automatic stay should be lifted automatically for suits involving securities fraud claims. To the extent that this was what the court meant, it was not a correct statement of law; to the extent that the court meant merely that in the present instance the issue of securities fraud should be determined in the Hawaii case, the statement was conclusory and provides no basis for meaningful review. Further, the court's statement that the Lenharts' filing of claims in Mazzeo's bankruptcy proceeding "does not mean that the burden now shifts for that creditor to come into this court" (Tr. 10) leaves it unclear whether, with respect to this motion for a lifting of the automatic stay, the court properly allocated the burden of proof.

In sum, the bankruptcy court's statements do not provide us with sufficient information to determine what facts and circumstances specific to the present case the court believed made relief from the automatic stay appropriate, or to determine whether the lifting of the stay was an abuse of discretion.

## CONCLUSION

We have considered all of the Lenharts' arguments as to the sufficiency of the bankruptcy court's finding and have found in them no merit. We express no view as to the merits of their motion.

The judgment of the district court upholding the order of the bankruptcy court is vacated; the order of the bankruptcy court lifting the automatic stay is vacated; and the matter is remanded to the bankruptcy court for further findings.

VAN GRAAFEILAND, Circuit Judge, concurring:

I agree that the judgment appealed from should be vacated. I do so, however, strictly on the procedural ground that the bankruptcy judge did not make what properly might be termed "findings." I am satisfied that the material for adequate findings is present in this case, in which appellant so far has failed to testify or even to affix his name to a piece of paper. In short, I detect a faint aroma of securities fraud which is centered in Hawaii. I would remand to the bankruptcy court with instructions to reconsider appellees' application and, after giving both parties an opportunity to be heard, make proper findings.