10-1929-cv
CRP/Extell Parcel I, L.P. v. Andrew Cuomo, et al.

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY THIS COURT'S LOCAL RULE 32.1.1 AND FEDERAL RULE OF APPELLATE PROCEDURE 32.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 30th day of September, two thousand and ten.

Present:     ROSEMARY S. POOLER,
             PETER W. HALL,
                     *Circuit Judges*.
             MARK R. KRAVITZ,[*]
                     *District Judge*.

_____

CRP/EXTELL PARCEL I, L.P.,

                *Plaintiff-Appellant*,

        -v-                                        10-1929-cv

ANDREW CUOMO, in his capacity as Attorney General of the State of New York, PHILIP POLITZINER, GLENNIS POLITZINER, MICHAEL SALERNO, 3 TO 4 LLC, PARKER H. BAGLEY, JULIE BAKER, BINCUBE PARTNERS, BRSP REALTY, LLC, CHRISTOPHER A. CHANG, MARIA WU, ONA COLASANTE, MELINDA EVERETT, GERARD MILLIGAN, JESSICA FAIETA, KENNETH GOODMAN, ANDREA ECONOMOS, GARY HUANG, JANICE HUFFDOWDY, WARREN DOWDY, GYOO GWAN KIM, SU JIN KIM, KYUNG KIM, HENRY MYUNGHWAN KIM, MELISSA KO, DOUGLAS HAHN, GAIL S. LANDIS, VICTOR R. BERNSTEIN, BENJAMIN W. LAU, JUDITH T. LAU, GREGORY LEE, SEUNG MOH LEE, ALBERT L. MARINO, BETH F. HINNEN, ALAN MEYERS, EVELYN MEYERS, TREVOR MORAN, MARLA C. MUNS, KIMBERLY MCNEESE, MITCHELL NEWMAN, HYUN KYU PARK, DOJA SONG, SHIRLEY ROMING, NICHOLAS ROMING, PAULINE SHENDER, ALEX SHENDER, HAN SOON YOM, PIL YOON, YOUNG YOON,

_____

[*] The Honorable Mark R. Kravitz, United States District Court for the District of Connecticut, sitting by designation.

ATLANTIC NYC INVESTMENTS LLC,

> *Defendants-Appellees.*[**]

| | |
|---|---|
| Appearing for Appellees: | Sudarsana Srinivasan, Assistant Solicitor General, New York State Office of the Attorney General |
| | John A. Coleman, Jr., Friedberg, Cohen, Coleman & Pinkas, LLP |
| Appearing for Appellant: | Edward Normand, Boies, Schiller & Flexner LLP |

Appeal from the United States District Court for the Southern District of New York (Daniels, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Plaintiff-Appellant CRP/Extell Parcel I, L.P., appeals from the May 19, 2010 order of the United States District Court for the Southern District of New York (Daniels, *J.*), denying preliminary injunctive relief prohibiting the release of approximately $16 million currently held in escrow.[1] We assume the parties' familiarity with the underlying facts, the procedural history of the case and the issues presented for review.

As a threshold matter, according to Federal Rule of Civil Procedure 52(a), "[i]n granting or refusing an interlocutory injunction the court must . . . state the findings and conclusions that

---

[**] A number of defendants in the case before the district court are not parties to this appeal, including: Stroock Stroock & Lavan LLP, ARC Chinish RE LLC, Mark Chu, Nancy Chan, Max Gilani, Benjamin Goldshlager, Lydia Goodman, Lola Gusman, Haley Lieberman Binn, Diana Lieberman, Lisa Ginsburg, Barbara Solomon, Edward M. Solomon. Accordingly, their names do not appear in the caption.

[1] The escrow funds are deposits made by purchasers of condominiums who were granted the right to rescind their purchase agreements with CRP/Extell Parcel I, L.P. following a binding arbitration conducted by the New York State Office of the Attorney General. Plaintiff-Appellant appeals the outcome of the arbitration and has brought federal and state constitutional challenges to the regulations governing the Attorney General's authority to render such determinations.

2

support its action." One of the principal purposes of this provision is to allow appellate review of the district court's decision. *Tekkno Lab., Inc. v. Perales*, 933 F.2d 1093, 1097 (2d Cir. 1991); *see also Mayo v. Lakeland Highlands Canning Co.*, 309 U.S. 310, 316 (1940) ("It is of the highest importance to a proper review of the action of a court in granting or refusing a preliminary injunction that there should be fair compliance with Rule 52(a) of the Rules of Civil Procedure."). Our normal practice is to vacate the order and remand for specific findings, "if the findings and the record are not sufficient to enable us to be sure of the basis of the decision below." *Tekkno Lab.*, 933 F.2d at 1097. However, where, as here, we "'can discern [sufficient] facts from the record to enable [us] to render a decision,'" we may proceed. *Id.* (quoting *Canadian Transp. Co. v. Irving Trust Co.*, 548 F.2d 53, 55 (2d Cir. 1977)).

We review the decision denying injunctive relief for abuse of discretion. *SEC v. Dorozhko*, 574 F.3d 42, 45 (2d Cir. 2009). Generally, a party seeking a preliminary injunction must demonstrate that it will suffer irreparable harm absent injunctive relief, and either (1) that it is likely to succeed on the merits of the action; or (2) that there are sufficiently serious questions going to the merits to make them fair ground for litigation, provided that the balance of hardships tips decidedly in favor of the moving party. *Citigroup Global Mkts., Inc. v. VCG Special Opportunities Master Fund Ltd.*, 598 F.3d 30, 34-35 (2d Cir. 2010) (citation omitted).

In determining whether the district court abused its discretion, we first address the issue of irreparable harm. We have long held that an injury compensable by money damages is insufficient to establish irreparable harm. *Jackson Dairy, Inc. v. H.P. Hood & Sons, Inc.*, 596 F.2d 70, 72 (2d Cir. 1979). This does not mean that a party at risk of suffering a monetary loss may never receive injunctive relief, but it does mean that, notwithstanding any compensable losses, a movant must provide evidence that it is likely to suffer damage that cannot be rectified by financial compensation before a district court may providently exercise its equitable power to

3

grant injunctive relief. *See id.*

Plaintiff-Appellant argues that it will suffer irreparable harm absent injunctive relief for two reasons. First, plaintiff-appellant states that it will be "unquantifiably difficult" to recover the escrow payments at a later date, since a significant number of enforcement actions would be required to obtain and enforce judgments against the recipients of these funds. Second, plaintiff-appellant makes the conclusory assertion that the recipients of the escrow monies will "spend" whatever payments they receive, and could subsequently become insolvent, rendering any ultimate victory Pyrrhic. Neither contention is sufficient to establish irreparable harm in this case.

That damages are difficult to measure does not necessarily make otherwise compensable harm irreparable. Thus, we have upheld an award of injunctive relief where a movant claimed money damages that were hard to measure *plus* irreparable harm, including loss of reputation, goodwill and business opportunities. *See, e.g.*, *Register.com, Inc. v. Verio, Inc.*, 356 F.3d 393, 404 (2d Cir. 2004) (Lanham Act violations). Similarly, we have found irreparable harm in the context of money damages *plus* a breach of a covenant not to compete where a movant established that a former employee offered unique services, and absent injunctive relief, the company would likely lose a client relationship that would otherwise have produced "an indeterminate amount of business in years to come." *Ticor Title Ins. Co. v. Cohen*, 173 F.3d 63, 68-69 (2d Cir. 1999). However, we have not held that a mere "difficulty" in calculating damages is sufficient to establish irreparable harm.

Nor have we ever held that the fact that recovery would involve a multiplicity of actions is sufficient—standing alone—to make otherwise compensable harm irreparable. Rather, we have upheld a finding of irreparable harm based in part upon the fact that a multiplicity of damage actions would have been required to assert a movant's rights where the evidence also

4

showed recurrent invasions of the movant's rights, an imminent threat of continued emotional and physical trauma, and a difficulty of evaluating injuries in monetary terms. *See Gallela v. Onassis*, 353 F. Supp. 196, 235 (S.D.N.Y. 1972) (citations omitted), *aff'd in part and rev'd in part on other grounds*, 487 F.2d 986 (2d Cir. 1973).

Finally, we have held that a finding of irreparable harm may lie in connection with an action for money damages where the claim involves an obligation owed by an insolvent or a party on the brink of insolvency. *See Brenntag Int'l Chems., Inc. v. Bank of India*, 175 F.3d 245, 249-50 (2d Cir. 1999); *but see Carter-Wallace, Inc. v. Davis-Edwards Pharmacal Corp.*, 443 F.2d 867 (2d Cir. 1971) (insolvency insufficient where claim in bankruptcy would receive priority and adequate security could be provided). As we have explained, the exception to the general rule is rooted in the fact that insolvency may render otherwise compensable harm irreparable because "there is a substantial chance that upon final resolution of the action the parties cannot be returned to the positions they previously occupied." *Brenntag*, 175 F.3d at 249-50. Predicate to injunctive relief under this exception, a movant must show that the risk of insolvency is likely and imminent. *See Grant River Enter. Six Nations, Ltd. v. Pryor*, 481 F.3d 60, 66 (2d Cir. 2007) ("To satisfy the irreparable harm requirement, [p]laintiffs must demonstrate that absent a preliminary injunction they will suffer an injury that is neither remote nor speculative, but actual and imminent . . . ." (internal quotation marks and citation omitted)); *accord Winter v. Nat'l Res. Def. Council*, 129 S. Ct. 365, 375 (2008) (movant must "demonstrate that irreparable injury is likely in the absence of an injunction").

Here, plaintiff-appellant has failed to make the required showing because it has adduced nothing more than conclusory assertions in support of its claim that one or more defendant-appellees might "spend" the escrow monies and later become insolvent. To award relief based upon these purely speculative allegations would push the standard for injunctive relief beyond its

reasonable limit.  In order to show a likelihood of irreparable harm, the plaintiff must provide some substantiation for its claims—the harm must be *imminent* before a court may issue injunctive relief.  Because plaintiff-appellant has failed to establish that the harm at issue in this case is anything more than a possibility, we cannot say that the district court abused its discretion in denying preliminary injunctive relief.  Absent a finding of error regarding the district court's conclusion on irreparable harm, we do not reach plaintiff-appellant's likelihood of success on the merits.

Accordingly, the judgment of the district court hereby is **AFFIRMED**, and the stay in effect by order of this Court dated May 19, 2010, is hereby vacated.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk