William **ESBITT**, as Receiver of the assets and property of First Discount Corp., Respondent,

v.

**DUTCH–AMERICAN MERCANTILE CORP., Appellant.**

No. 414, Docket 28724.

United States Court of Appeals Second Circuit.

Argued April 10, 1964.

Decided July 14, 1964.

Eugene M. Parter, New York City, (Joseph Levine and Emil Weitzner, New York City, on the brief), for respondent.

Emanuel Becker, New York City (McLanahan, Merritt & Ingraham, New York City, on the brief), for appellant.

Before MOORE, SMITH and KAUFMAN, Circuit Judges.

J. JOSEPH SMITH, Circuit Judge.

The defendant appeals from a judgment of $25,055.79 entered against it in the United States District Court for the Southern District of New York, Irving Ben Cooper, District Judge, in a suit brought by the receiver of the First Discount Corporation to collect an indebtedness. The defendant concedes that it owed the $25,055.79 to the First Discount Corporation, but contends that (1) the District Court had no jurisdiction over the suit and (2) it should have been permitted to retain the $25,055.79 in order to indemnify it against possible future liability from a pending suit. We hold that the Court had jurisdiction and correctly denied set-off, and affirm the judgment.

The respondent receiver was appointed in the United States District Court for the Southern District of New York on June 1, 1961 by Judge Herlands in an action brought by the Securities and Exchange Commission to enjoin the First Discount Corporation permanently from using the mails or other interstate facilities for the fraudulent sale of securities. Judge Herlands' order directed the receiver to collect and take charge of "all the assets and property of, belonging to, or in the possession of * * * First Discount Corporation * * * and to hold the same subject to further order of this Court." Pursuant to this order, the receiver brought this action to collect all the indebtedness owed by the defendants.

All the parties are residents of New York, and since there is no diversity, the District Court had jurisdiction to entertain the receiver's suit only if it was ancillary to the SEC action. The defendant contends that a suit to collect a simple debt cannot be properly termed "ancillary" to the SEC action. We cannot agree. If the receiver's suit is to aid in the accomplishment of the ends sought and directed in the SEC action, it is ancillary to the main action for jurisdictional purposes. Pope v. Louisville, New Albany & Chicago Ry. Co., 173 U.S. 573, 577, 19 S.Ct. 500, 43 L.Ed. 814 (1899). Unfortunately, the pleadings in the SEC suit were not made part of the record below, but it seems reasonably clear from the judgment granting the injunction and appointing the receiver that one of the aims of the SEC suit was to protect investors who had already been defrauded by the practices of the First Discount Corporation. If the assets of the First Discount Corporation are not promptly marshalled to provide a fund from which defrauded investors may be at least partially reimbursed, there is a

strong possibility that these assets will be dissipated or wasted. A primary purpose of appointing a receiver is to conserve the existing estate. Defendant's argument that there is a difference between conserving the estate and adding to it by collecting outstanding debts is specious. Outstanding debts are assets of the estate, and if not collected promptly, may become uncollectible.

■ The fallacy in the defendant's argument stems from its failure to view the aim of the SEC action as anything more than the enjoining of possible future violations. But in bringing an action for an injunction and the appointment of a receiver, the SEC is also concerned with "the protection of those who already have been injured by a violator's actions from further despoliation of their property or rights." SEC v. H. S. Simmons & Co., 190 F.Supp. 432, 433 (S.D.N.Y.1961). In protecting the investing public which has been defrauded from further losses, the District Court has broad equitable powers to direct the receiver to marshal the assets of the First Discount Corporation. See SEC v. Keller Corp., 323 F.2d 397 (7 Cir. 1963); SEC v. Fiscal Fund, Inc., 48 F.Supp. 712 (D.C. Del.1943); Los Angeles Trust Deed and Mortgage Exchange v. SEC, 285 F.2d 162 (9 Cir. 1961). These powers were exercised by Judge Herlands, and this suit by the receiver must be considered ancillary to the main action. We hold that the District Court had jurisdiction over the suit.

■ This is not to say. that we approve the use of an equity receivership to perform the functions of the bankruptcy court. The record plainly indicates that the First Discount Corporation is hopelessly insolvent and is in the process (almost completed) of liquidation. We see no reason why violation of the Securities Act should result in the liquidation of an insolvent corporation via an equity receivership instead of the normal bankruptcy procedures, which are much better designed to protect the rights of interested parties. See Los Angeles Trust Deed & Mort-

gage Exchange v. SEC, supra, 285 F. 2d at 182; New England Coal & Coke Co. v. Rutland Ry. Co., 143 F.2d 179 (2 Cir. 1944). Were it not for this court's decision in Manhattan Rubber Mfg. Co. v. Lucey Mfg. Co., 5 F.2d 39 (2 Cir. 1925), from which we are reluctant to depart without full briefing, though it may possibly be distinguishable, we should feel compelled on our own motion to direct the District Court to order the filing of a bankruptcy petition. However, the receivership has progressed almost to completion without objection and it would apparently not be in the interests of the parties to direct that further proceedings be diverted into bankruptcy channels.

Defendant next contends that it should be permitted to retain the $25,055.79 in order to be indemnified if it is held liable to one Zimmerman in a suit now pending before the Supreme Court of New York. Zimmerman seeks to recover $11,686.12 in damages resulting from defendant's alleged conversion of 400 shares of Thiakol Chemical stock. Defendant claims that if it is held liable to Zimmerman, it was acting as First Discount Corporation's agent when it received the allegedly converted securities, and equity would allow a set-off because the First Discount Corporation is insolvent.

■■ We see no merit in this contention. Even if we assume that the defendant is entitled to indemnity, the defendant has not yet incurred any liability and may never incur liability. The amount of possible liability is also uncertain. Though here it is well established that First Discount Corporation is insolvent, and where a plaintiff is insolvent, equity may permit a defendant to set off an unmatured claim to prevent injustice, American Surety Co. of N. Y. v. City of Akron, 95 F.2d 966, 970 (6 Cir. 1938), equity will not permit the set-off of a possible but unestablished and unliquidated liability such as the defendant's. Dunn v. Uvalde Asphalt Paving Co., 175 N.Y. 214, 218, 67 N.E. 439 (1903). Moreover, the nature of the allegations in the Zimmerman action in-

**144**

dicate that if the defendant is held liable for converting securities, there is no reason equity should prefer the defendant over the defrauded creditors who will be benefited by the recovery of the entire $25,055.79.

The defendant's last ditch contention that the District Court abused its discretion in awarding interest on the judgment is patently without merit.

The judgment is affirmed.