WINTER, Circuit Judge:
 

 The Royal Business Funds Corporation (“Royal”) appeals from Judge Conner’s order staying its Chapter 11 bankruptcy proceeding. 29 B.R. 777. Royal contends that it has an absolute right to file a petition in bankruptcy notwithstanding its consent to a Stipulation'and Order appointing the Small Business Administration (“SBA”) as a receiver and limiting the powers of Royal’s board of directors. We affirm.
 

 BACKGROUND
 

 Royal is a small business investment company (“SBIC”) licensed by the SBA to provide capital to small businesses. From 1962 through 1978, Royal and its predecessor in interest borrowed from the SBA almost $20,000,000, most of which was never repaid. By 1978, Royal had lost at least $5,000,000 of its original $6,000,000 capital. Since the SBA loans were conditioned on a $6,000,000 capitalization, the SBA had the right at that time to cause a liquidation.
 

 In early 1978, Royal merged with the Bonan Equity Corporation (“BEC”), a corporation controlled by Seon Pierre Bonan and his wife. Bonan had successfully developed several hundreds of millions of dollars of real estate and was interested in developing a section of land in Colorado, known as Conquistador, owned by BEC.
 

 Under the merger agreement, Bonan and his wife received 49% of the stock of the new company and Bonan became Royal’s chief operating officer. Royal benefitted from the merger because it gained control of Conquistador, which, if properly developed, OBNN might result in land sales of $20-40 million, a sum sufficient to pay off
 
 *14
 
 the total combined indebtedness of Royal and BEC to the SBA.
 

 Between 1978 and July of 1982, Royal’s obligations to the SBA increased from approximately $17 million to over $23 million. On July 13,1982, the SBA accelerated all of Royal’s outstanding obligations to it. It also brought this action under 15 U.S.C. § 687c, alleging violations of the Small Business Investment Act and regulations promulgated thereunder and requesting the appointment of a receiver.
 
 [1]
 
 On July 14th, Royal’s board of directors voted to file for bankruptcy.
 

 Royal’s bankruptcy was forestalled when negotiations with the SBA led to a Stipulation and Order entered in the present case by Judge Conner on July 15, 1982. The Stipulation recognized the SBA’s appointment as Receiver of Royal and granted the SBA “exclusive power” to collect and administer Royal’s assets under the district court’s supervision. The Stipulation also limited the powers of Royal’s Board of Directors to the appointment and replacement of counsel. Finally, the Stipulation provided that the SBA would lend Royal $385,000 to repay Royal and a subsidiary’s indebtedness to Chemical Bank, loans personally guaranteed by Bonan.
 
 [2]
 
 Judge Conner’s Order affirmed the terms of the Stipulation, and he took exclusive jurisdiction over Royal and enjoined all other legal proceedings concerning the company.
 
 [3]
 

 
 *15
 
 Pursuant to the Stipulation and Order, the SBA took control of Royal’s assets and commenced management of its affairs. It named Allen I. Slaman to act as its agent in the receivership. In reliance on the Stipulation, and with Judge Conner’s approval, the SBA loaned Royal an additional $3.5 million, partly for use in developing Conquistador. Neither Bonan nor any other Royal shareholder objected to these loans at the time they were made.
 

 However, Bonan argued with Slaman over Slaman’s management of the company and demanded that he, Bonan, be given control over Royal’s daily management notwithstanding the provisions of the Stipulation and Order. As a result of this disagreement, Royal’s Board of Directors authorized Bonan to file a Chapter 11 petition. On March 28, 1983, Royal filed the petition and Bankruptcy Judge Lifland ordered the SBA to show cause why it should not be required to deliver the debtor’s property and file a written report with respect to that property. After a motion by the SBA, Judge Conner stayed the Chapter 11 proceeding. This appeal followed.
 

 DISCUSSION
 

 We believe that the consensual receivership and subsequent provision of fresh capital by the SBA limit Royal’s right to file a Chapter 11 petition without the district court’s consent. Royal is a licensed SBIC, heavily financed by SBA loans and subject to a regulatory scheme enacted by Congress to provide capital for small businesses which is not available commercially. 15 U.S.C. §§ 631
 
 et seq.
 
 While we perceive no reason why Royal might not have freely filed the bankruptcy petition before consenting to the Stipulation and Order, its consent to the receivership and limitation on the powers of its board and its acquiescence in the provision of fresh capital from the SBA cannot be brushed aside.
 

 At the time Royal entered into the stipulation, its choice was between a petition in bankruptcy and an SBA receivership under the supervision of Judge Conner. Having chosen the latter and enjoyed the benefit of more than $3.5 million in new SBA loans, Royal now seeks to file the bankruptcy petition without the approval of the district court supervising the receivership. Obviously, if an SBIC must be allowed to exercise that privilege without restriction, the SBA will never again provide new loans to a company in Royal’s financial straits and receivership designed to resuscitate financially troubled SBIC’s will be much less feasible.
 

 We by no means intend to disturb the general rules that a debtor may not agree to waive the right to file a bankruptcy petition, that the pendency of an equitable receivership rarely precludes a petition in bankruptcy,
 
 see In re Federal Shopping Way, Inc.,
 
 433 F.2d 144 (9th Cir.1970);
 
 In re Prudence Co.,
 
 79 F.2d 77 (2d Cir.1935);
 
 In re Yaryan Naval Stores Co.,
 
 214 F. 563 (6th Cir.1914), or that equity receiverships should not “perform the functions of the bankruptcy court.”
 
 Esbitt v. Dutch-American Mercantile Corp.,
 
 335 F.2d 141, 143 (2d Cir.1964).
 

 
 *16
 
 Nevertheless, a debtor subject to a federal receivership has no absolute right to file a bankruptcy petition and federal courts have disallowed petitions where a liquidation under a receiver is substantially under way.
 
 SEC v. Lincoln Thrift Association,
 
 577 F.2d 600, 609 (9th Cir.1978);
 
 SEC v. Bartlett,
 
 422 F.2d 475, 477-79 (8th Cir.1970);
 
 Esbitt, supra.
 
 These decisions are relevant to the present case since a receivership created under 15 U.S.C. § 687c is governed by principles applicable to federal equitable receivers generally.
 
 See United States v. Franklin National Bank,
 
 512 F.2d 245, 251 (2d Cir.1975).
 

 We believe the present case involves circumstances even more compelling than a substantially completed liquidation. There are no significant creditors other than SBA. The debtor consented to the receivership, which has led to the provision of almost $4 million to it by SBA in an attempt to resuscitate the company. The receiver has been operating the company for over a year. The bankruptcy petition, which was filed by the debtor rather than by third-party creditors, will, so far as we can tell on this record, disrupt the receiver’s attempts to improve the company’s fortunes. Royal offered no reasons justifying the filing of a petition at this time but merely asserted an unqualified right to do so. Royal is free at any time to seek the approval of the district court for the filing of such a petition as being in the best interests of the company. In these circumstances, no public or private interest is served by allowing Royal to repudiate the arrangements it made with the SBA.
 

 Affirmed.
 

 [1]
 

 .15 U.S.C. § 687c provides:
 

 (a) Grounds; jurisdiction of courts; preferred causes
 

 Whenever, in the judgment of the Administration, a licensee or any other person has engaged or is about to engage in any acts or practices which constitute or will constitute a violation of any provision of this chapter, or of any rule or regulation under this chapter, or of any order issued under this chapter, the Administration may make application to the proper district court of the United States or a United States court of any place subject to the jurisdiction of the United States for an order enjoining such acts or practices, or for an order enforcing compliance with such provision, rule, regulation, or order, and such courts shall have jurisdiction of such actions and, upon a showing by the Administration that such licensee or other person has engaged or is about to engage in any such acts or practices, a permanent or temporary injunction, restraining order, or other order, shall be granted without bond. The proceedings in such a case shall be made a preferred cause and shall be expedited in every way.
 

 (b) Equity jurisdiction of licensee and assets thereof
 

 In any such proceeding the court as a court of equity may, to such extent as it deems necessary, take exclusive jurisdiction of the licensee or licensees and the assets thereof, wherever located; and the court shall have jurisdiction in any such proceeding to appoint a trustee or receiver to hold or administer under the direction of the court the assets so possessed.
 

 (c) Trusteeship or receivership over licensee
 

 The Administration shall have authority to act as trustee or receiver of the licensee. Upon request by the Administration, the court may appoint the Administration to act in such capacity unless the court deems such appointment inequitable or otherwise inappropriate by reason of the circumstances involved.
 

 [2]
 

 . The Stipulation provided in part;
 

 it is hereby Stipulated and Agreed, subject to the approval of the Court, that the matter is settled as follows:
 

 1. Effective forthwith the SBA shall be appointed receiver of the Royal Business Funds Corporation and shall have exclusive power to collect and administer the assets of such defendant under the direction of the Court, and the Court shall retain jurisdiction of this matter and of the parties until further direction of the Court in such regard....
 

 4. The present officers of the defendant who constitute management shall continue to perform the functions of their respective offices if such officers desire, subject to the direction and approval of the receiver in all matters until further order of the Court or April 1, 1983, whichever first occurs. Mr. Seon Pierre Bonan, ... will be paid at the rate of $55,000 per year, or $200 per hour, and....
 

 5. The present members of the Board of Directors of the defendant shall continue in office during the receivership of the SBA with no function other than the appointment and replacement of counsel who shall act in the interest of the shareholders of the defendant and the fees and expenses of such counsel shall be paid by the Receiver out of the assets of the defendant in such amount as may be agreed upon or the Court shall approve.
 

 [3]
 

 . The Order provided in part:
 

 It is Ordered, Adjudged and Decreed That:
 

 1. This Court take exclusive jurisdiction of Royal Business Funds Corporation (“Royal
 
 *15
 
 Business”) and all of its assets, wherever located, and the Small Business Administration is hereby appointed Receiver of Royal Business to serve without bond until further order of this Court ..., and
 

 2. The Receiver shall have all powers and authority heretofore possessed by the officers and directors of Royal Business under applicable state and federal law and by the Charter and Articles of Incorporation of said corporation .... The Receiver shall assume control of and take over the operation of Royal Business ..., and....
 

 9. All legal proceedings of any nature, wherever located, involving Royal Business, or any of its assets, are hereby stayed, and all Courts having any jurisdiction thereof are hereby enjoined from taking any further action until further Order of this Court; and 10. The defendant Royal Business and its directors, officers, agents, employees and other persons acting in concert or in participation therein be, and thereby are enjoined from either directly or indirectly taking any actions or causing any actions to be taken which would dissipate the assets and property of defendant, Royal Business, or the assets and property of any wholly owned subsidiary of Royal Business, to the detriment of the Receiver appointed herein, or which would violate the Small Business Investment Act of 1958....