SEC v. Byers

UNITED STATES COURT OF APPEALS

FOR THE SECOND CIRCUIT

_____

August Term, 2009

(Argued: November 16, 2009                    Decided: June 15, 2010)

Docket No. 09-0234-cv (l), 09-0284-cv(CON)

_____

SECURITIES AND EXCHANGE COMMISSION,

*Plaintiff-Appellee*,

v.

STEVEN BYERS, WEXTRUST CAPITAL, LLC, WEXTRUST EQUITY PARTNERS, LLC, WEXTRUST DEVELOPMENT GROUP, LLC, WEXTRUST SECURITIES, LLC, AXELA HOSPITALITY, LLC, ELKA SHERESHEVSKY,

*Defendants*,

JOSEPH SHERESHEVSKY,

*Defendant-Third-Party Plaintiff*,

INTERNATIONAL AD-HOC COMMITTEE OF WEXTRUST CREDITORS, INTERNATIONAL CONSORTIUM OF WEXTRUST CREDITORS,

*Interested Parties-Appellants*,

AMNON COHEN,

*Third-Party Defendant*,

TIMOTHY J. COLEMAN,

*Receiver.*

1

_____

Before: POOLER and WESLEY, *Circuit Judges*, and KEENAN, *District Judge*.[*]

Appeal from a December 17, 2008 memorandum decision and order of the United States District Court for the Southern District of New York (Chin, J.) holding that the district court's jurisdiction in rem and its equitable powers provided the district court with sufficient authority to issue an injunction barring non-parties from filing involuntary bankruptcy petitions against any of the defendants.

Affirmed.

_____

> SHALOM JACOB (Shmuel Vasser, *on the brief*), Dechert LLP, New York, N.Y. for International Ad-Hoc Committee of Wextrust Creditors; Martin S. Siegel (Aaron B. Lauchheimer, *on the brief*), Brown Rudnick LLP, New York, N.Y., for International Consortium of Wextrust Creditors, *Interested Parties-Appellants.*
>
> DAVID LISITZA, Senior Counsel (David M. Becker, General Counsel, Mark D. Cahn, Deputy General Counsel, Jacob H. Stillman, Solicitor, John W. Avery, Senior Litigation Counsel, Michael J. Berman, Bankruptcy Counsel, *on the brief*), Securities and Exchange Commission, Washington, D.C., for the Securities and Exchange Commission*, Appellee.*
>
> MARK S. RADKE (Timothy J. Coleman, *on the brief*) Dewey & LeBoeuf LLP, Washington, D.C., for Timothy J. Coleman, Receiver for the Wextrust Entities and Affiliates, *Receiver.*

POOLER, *Circuit Judge*:

Appellants International Ad-Hoc Committee of Wextrust Creditors and International Consortium of Wextrust Creditors (together, the "Committees") appeal from a December 17, 2008 decision and order of the United States District Court for the Southern District of New

---

[*]The Honorable John F. Keenan of the United States District Court for the Southern District of New York, sitting by designation.

York (Denny Chin, *Judge*), denying their motions to modify an anti-litigation injunction contained in the order placing defendants' assets into receivership. The Committees challenge the district court's authority to enter an anti-litigation injunction barring non-parties from filing involuntary bankruptcy proceedings against defendants. We hold that while it should be sparsely exercised, district courts possess the authority and discretion to enter anti-litigation orders, including those that bar the filing of involuntary bankruptcy petitions absent the district court's permission. We further affirm the district court's refusal to lift the anti-litigation injunction and its order permitting the Receiver to continue to serve as manager should a bankruptcy proceeding be commenced.

## BACKGROUND

On August 11, 2008, the Securities and Exchange Commission ("SEC") filed a complaint against Steven Byers, Joseph Shereshevsky, Wextrust Capital, LLC, Wextrust Equity Partners, LLC, Wextrust Securities, LLC and Axela Hospitality, LLC (together, the "Wextrust Entities"). The SEC complaint alleged a massive Ponzi scheme that involved some 240 Wextrust affiliates operating in the United States, Middle East and Africa, and that reportedly defrauded investors of approximately $255 million.

On the same day that the SEC filed its complaint, it also sought and obtained emergency relief, including a temporary restraining order freezing the assets of the defendants and appointing Timothy Coleman as temporary receiver (the "Receiver Order"). Coleman was tasked with ascertaining the financial condition of the Wextrust Entities, including the extent to which the funds were co-mingled between the various affiliates, and with determining whether the Wextrust Entities should file for bankruptcy. The Receiver Order also contained an anti-

3

litigation provision stating in relevant part that:

> [n]o person or entity, including any creditor or claimant against any of the Defendants, or any person acting on behalf of such creditor or claimant, shall take any action to interfere with the taking control, possession, or management of the assets, including, but not limited to, the filing of any lawsuits, liens, or encumbrances, or bankruptcy cases to impact the property and assets subject to this order.

One month later, on September 11, 2008, the district court modified the Receiver Order to provide:

> [i]f in accordance with this order the Receiver determines that any of the Wextrust Entities and entities they own or control should undertake a bankruptcy filing, the Receiver, be and he hereby is, authorized to commence cases under title 11 of the United States Code for such entities in this district, and in such cases the Receiver shall prosecute the bankruptcy petitions in accordance with title 11 subject to the same parameters and objectives as a chapter 11 trustee and shall remain in possession, custody, and control of the title 11 estates subject to the rights of any party in interest to challenge such possession, custody, and control under 11 U.S.C. § 543 or to request a determination by this Court as to whether the Receiver should be deemed a debtor in possession or trustee, at a hearing, on due notice to all parties in interest, before the undersigned.

On October 24, 2008, on the consent of all parties, the district court issued a preliminary injunction, which incorporated by reference the provisional remedies. On October 30, 2008, the Committees moved to modify the district court's previous orders to (1) remove the prohibition against filing bankruptcy petitions, or alternatively to lift the anti-litigation injunction; and (2) delete the paragraph providing that upon a bankruptcy filing, the receiver would prosecute the bankruptcy cases as a Chapter 11 trustee. The district court heard oral argument on November 14, 2008. In its decision and order issued December 17, 2008, the district court found its in rem

4

jurisdiction and equitable discretion provided it with authority to enjoin nonparties from filing involuntary bankruptcy petitions against the defendants, and declined to modify that portion of the October 24, 2008 preliminary injunction. *SEC v. Byers*, 592 F. Supp. 2d 532, 535-37 (S.D.N.Y. 2008). The district court also declined to lift the anti-litigation injunction. *Id.* However, the district court did modify the order to (1) permit any party or non-party to seek permission to file an involuntary bankruptcy petition on three-days notice on a showing that such a petition is appropriate and would benefit the receivership estate; and (2) allow the bankruptcy court to decide, in the first instance, any challenge to the receiver continuing to serve serving as debtor in possession. *Id.* at 537, 539-40. The Committees timely appealed.

## STANDARD OF REVIEW

We review a district court's decision to grant an injunction for abuse of discretion, but review *de novo* the district court's interpretation of law. *See Weight Watchers Int'l, Inc. v. Luigino's, Inc.*, 423 F.3d 137, 141 (2d Cir. 2005).

## DISCUSSION

### I.     Anti-Bankruptcy Injunctions

The Committees' primary argument on appeal is that Section 303 of the Bankruptcy Code grants them an absolute right, as creditors, to commence an involuntary bankruptcy proceeding against a debtor. The Committees argue that the district court lacked the authority to subvert this right by issuing the anti-litigation injunction. We disagree, and find today that while it is a power to be exercised cautiously, district courts may issue anti-litigation injunctions barring bankruptcy filings as part of their broad equitable powers in the context of an SEC receivership.

5

In doing so, we join both the Ninth and Sixth Circuits, which also allow similar anti-litigation injunctions. In *SEC v. Wencke*, the Ninth Circuit held that the authority of a district court to issue an order staying a non-party from bringing litigation derived from "the inherent power of a court of equity to fashion effective relief." 622 F.2d 1363, 1369 (9th Cir. 1980). The Ninth Circuit stated that:

> The power of the district court to issue a stay, effective against all persons, of all proceedings against the receivership entities rests as much on its control over the property placed in receivership as on its jurisdiction over the parties to the securities fraud action. The district court took control over the properties in question when it imposed the receivership and appointed Gould as receiver to manage those properties.

*Id*. The Ninth Circuit concluded that if a district court could not control the receivership assets, the receiver would be unable to protect those assets. *Id*. The Sixth Circuit in *Liberte Capital Group, LLC v. Capwill,* 462 F.3d 543 (6th Cir. 2006), came to a similar conclusion:

> Once assets are placed in receivership, a district court's equitable purpose demands that the court be able to exercise control over claims brought against those assets. The receivership court has a valid interest in both the value of the claims themselves and the costs of defending any suit as a drain on receivership assets. To this extent, the receivership court may issue a blanket injunction, staying litigation against the named receiver and the entities under his control unless leave of that court is first obtained. This power extends to the institution of any suit, and not just a proceeding for execution of a judgment against the receivership in the receivership court. Because the court's power of injunction in a receivership proceeding arises from its power over the assets in question, non-parties to the underlying litigation may be bound by a blanket stay, so long as the non-parties have notice of the injunction.

*Id*. at 551-52 (internal citations and quotations omitted). Thus, the Sixth Circuit concluded,

"[t]he district court may require all such claims to be brought before the receivership court for

6

disposition pursuant to summary process consistent with the equity purpose of the court." *Id.* at 552.

Even if anti-litigation injunctions are permitted, the Committees argue, such injunctions cannot apply to bankruptcy petitions because the ability to file a bankruptcy petition is a right guaranteed by the Bankruptcy Act. This Court previously held debtors do not have an absolute right to file a bankruptcy petition. In *United States v. Royal Business Funds Corp.*, 724 F.2d 12 (2d Cir. 1983), we held that a stipulation between parties may bar a debtor from commencing a bankruptcy proceeding. There, Royal Business Funds Corporation entered into a stipulation with the Small Business Administration ("SBA") wherein it agreed to be placed into receivership in exchange for an infusion of cash. *Id.* at 14. The stipulation between Royal Business and the SBA contained an anti-litigation clause providing that:

> All legal proceedings of any nature, wherever located, involving Royal Business, or any of its assets, are hereby stayed, and all Courts having any jurisdiction thereof are hereby enjoined from taking any further action until further Order of this Court . . . .

*Id.* at 14 n.3. Royal Business later attempted to file for protection from its creditors pursuant to Chapter 11 of the Bankruptcy Code. *Id.* at 15. The SBA sought an injunction barring such a filing. *Id.* This Court held that the anti-litigation clause contained in the stipulation prevented Royal Business from filing a Chapter 11 provision without the district court's consent, noting that:

> We by no means intend to disturb the general rules that a debtor may not agree to waive the right to file a bankruptcy petition, that the pendency of an equitable receivership rarely precludes a petition in bankruptcy, or that equity receiverships should not perform the functions of the bankruptcy court. Nevertheless, a debtor subject to a federal receivership has no absolute right to file a bankruptcy petition . . . .

*Id.* at 15-16 (internal citations and quotation marks omitted).

The Committees rely on *In re Yaryan Naval Stores Co.*, 214 F. 563 (6th Cir. 1914), which held that creditors cannot be enjoined from filing an involuntary bankruptcy. There, the Sixth Circuit held that when Congress enacted the Bankruptcy Act, it created "[r]ights and privileges so positively bestowed cannot be [destroyed, denied or abridged] by any power save that which created and brought them into being." *Id.* at 565. However, as *Royal Business* makes clear, this Circuit rejected *Yaryan*. *Royal Business*, 724 F.2d at 15-16.

There is no question that district courts may appoint receivers as part of their broad power to remedy violations of federal securities laws. *See, e.g., SEC v. Am. Bd. of Trade, Inc.*, 830 F.2d 431, 436 (2d Cir. 1987); *SEC v. Manor Nursing Ctrs., Inc.*, 458 F.2d 1082, 1103-04 (2d Cir. 1972). Simply put, there is no unwaivable right to file an involuntary bankruptcy petition, and, even if there were, the receivership accomplishes what a bankruptcy would. The receivership protects the assets of the estate, just as a stay would in bankruptcy.

An anti-litigation injunction is simply one of the tools available to courts to help further the goals of the receivership. While such injunctions are to be used sparingly, there are situations in which they are entirely appropriate. In this litigation the receivership must manage hundreds of Wextrust entities that sprawl across the Middle East, Africa and the United States, many of which may have co-mingled assets. This is precisely the situation in which an anti-litigation injunction may assist the district court and receiver who will want to maintain maximum control over the assets. The current injunction prevents small groups of creditors from placing some entities into bankruptcy, thereby removing assets from the receivership estate to the potential detriment of all. We are persuaded that the powers afforded the receiver and the

8

district court allow it to adequately protect the assets of the estate.

The Committees next argue that the district court committed reversible error by issuing the initial preliminary injunction without performing the necessary analysis under Federal Rules of Civil Procedure 65. The Committees rely on *Jordan v. Independent Energy Corp.*, 446 F. Supp. 516 (N.D. Tex. 1978), for the proposition that a court can never issue an anti-bankruptcy injunction that satisfies the requirements of Rule 65 because the parties cannot show irreparable harm. *Id.* at 529. Plainly, *Jordan* is not binding on this Court. Moreover, the preliminary injunction here issued on the consent of the parties, and in the consent stipulation each defendant waived the right to "entry of findings of fact and conclusions of law pursuant to Rule 65 of the Federal Rules of Civil Procedure." By virtue of the consent stipulation, all parties involved agreed that the requirements of Fed. R. Civ. P. 65 - including irreparable harm - were met. Given that the parties agreed that the required elements were satisfied, there is no error.

Finally, the Committees argue the Receiver Order, as amended by the district court's December 17, 2008 decision, includes an improper de facto designation of the receiver as debtor-in-possession or trustee in the event of a bankruptcy filing. The Committees argue this essentially allows the Receiver to continue to act as the manager of the Wextrust Entities post-bankruptcy. To do so, the Committees argue, is in direct conflict with the Bankruptcy Code, which specifically prohibits courts from appointing a receiver in bankruptcy cases. *See* 11 U.S.C. § 105(b) ("Notwithstanding subsection (a) of this section, a court may not appoint a receiver in a case under this title.").

We agree with the district court that nothing in its order conflicts with the Bankruptcy Code. The order merely acknowledges that the receiver automatically becomes debtor-in-

possession by operation of law.  Moreover, the receiver's status can be challenged pursuant to 11 U.S.C. § 543, or the parties could move to appoint a trustee pursuant to 11 U.S.C. § 1104. *See, e.g., In re Bayou Group LLC*, 363 B.R. 674, 686 (S.D.N.Y. 2007) (providing that after a bankruptcy petition is filed, the receiver's role as receiver terminated, but that his role as manager of the bankrupt entities would continue, and the "management of a bankrupt entity that files in Chapter 11 is automatically authorized to act as the debtor-in-possession, since under the Bankruptcy Code, the term 'debtor-in-possession' quite simply 'means debtor'").  There is no reason a district court cannot, pre-petition, appoint a manager for the entities, and there is nothing in the Bankruptcy Code that prevents that manager from continuing after the bankruptcy filing, subject to challenge by others.

## CONCLUSION

We have examined the remainder of the Committees' arguments and find them without merit.  We affirm the order of the district court in its entirety.