# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

————————

No. 14-10092

United States Court of Appeals
Fifth Circuit

**FILED**

December 22, 2014

Lyle W. Cayce
Clerk

In the Matter of:  JEFFREY BARON,

   Debtor

-----------------------------

DEAN FERGUSON; JEFFREY HALL; GARY LYON; ROBERT GARREY; PRONSKE & PATEL, P.C., also known as Pronske Goolsby & Kathman, P.C.; SCHURIG JETEL BECKETT TACKETT; POWERS, TAYLOR, L.L.P.; DAVID PACIONE,

   Appellants

v.

JEFFREY BARON,

   Appellee

————————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:13-CV-3461

————————

Before SMITH, BARKSDALE, and HAYNES, Circuit Judges.

PER CURIAM:*

————————

   * Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 14-10092

Attorneys and law firms (creditors) challenge the district court's disposition of an appeal from bankruptcy court concerning creditors' involuntary-bankruptcy petition against Jeffrey Baron.  The bankruptcy court, in part, awarded partial summary judgment to creditors, holding that, under 11 U.S.C. § 303(b), no bona-fide dispute exists as to the amount owed creditors.  The district court remanded this matter to the bankruptcy court, with instructions to dismiss the petition.  Creditors primarily contend that, by remanding but ordering dismissal, the district court improperly denied them the opportunity to present evidence showing, as required, that no bona-fide dispute exists under 11 U.S.C. § 303(b).  AFFIRMED IN PART; REVERSED IN PART; and REMANDED FOR PROCEEDINGS CONSISTENT WITH THIS OPINION.

**I.**

At issue are unpaid attorney's fees allegedly owed creditors.  Baron retained them in connection with his business ventures and subsequent bankruptcy of one of his companies, Ondova Limited Company.  *See Netsphere, Inc. v. Baron*, 703 F.3d 296 (5th Cir. 2012).

Throughout the Ondova bankruptcy, Baron retained, but discharged, numerous attorneys and law firms.  In an attempt to curb Baron's "vexatious litigation tactics", the bankruptcy court recommended, and the district court appointed, a receiver over Baron's assets (receivership order).  *Netsphere, Inc. v. Baron*, No. 3:09-CV-988-F, slip op. at 12 (N.D. Tex. 3 Feb. 2011) (order denying emergency motion to vacate order appointing receiver and in the alternative, motion for stay pending appeal); *see also Netsphere, Inc. v. Baron*, No. 3:09-CV-988-F, slip op. (N.D. Tex. 24 Nov. 2010) (receivership order).  As part of the receivership order, the district court entered a stay, prohibiting any actions to enforce claims without first obtaining leave of court.  *Netsphere, Inc. v. Baron*, No. 3:09-CV-988-F, slip op. at 12–13.  Baron appealed the appointment of the receiver.

While Baron's appeal was pending, and on motions filed by the receiver, the district court held a hearing to determine the validity and amounts of creditors'

claims.  It determined Baron owed approximately $879,000 in fees to creditors, and ordered disbursement of those fees (fee order).  Baron appealed the fee order, which was consolidated with his appeal of the receivership order.

In December 2012, in *Netsphere, Inc.*, our court reversed the receivership order and remanded the matter to district court, with instructions to dissolve the receivership.  703 F.3d at 302.  The opinion, however, did not address the fee order.  To clarify any ambiguity in the opinion, our court issued a clarification order.  *Netsphere, Inc. v. Baron*, No. 10-11202, slip op. at 6–8 (5th Cir. 31 Dec. 2012).  Although the clarification order did not reference the fee order, it stated:  "The district court orders that were in place prior to the release of our opinion remain in place".  *Id.*

On the day our court reversed the receivership order, creditors filed the Chapter 7 involuntary-bankruptcy petition against Baron that is the subject of this appeal.  Baron moved to dismiss, challenging creditors' standing under 11 U.S.C. § 303(b)(1), by asserting a bona-fide dispute existed as to fees owed.  While Baron's motion to dismiss was pending, creditors moved for summary judgment.  Based on the claimed preclusive effect of the fee order, creditors asserted that, as a matter of law, they satisfied the standing requirements under § 303(b)(1).  In the alternative, creditors asserted the evidence presented showed no bona-fide dispute existed regarding their claims; and, even if the evidence was insufficient, an exception to the requirements of § 303(b) existed on the basis of Baron's actions.

Prior to the hearing on the summary-judgment motion, Baron and creditors entered a joint stipulation, limiting the sole issue to be decided on summary judgment to whether the fee order foreclosed any claims regarding the existence of a bona-fide dispute under § 303(b).  The joint stipulation also reserved creditors' rights to "reurg[e] the evidence of their underlying claims at a later hearing".

The bankruptcy court denied Baron's motion to dismiss; and, on 5 April 2013, it granted partial summary judgment for creditors. In its subsequent opinion granting relief to creditors, it ruled the "Fee Order is tantamount to a final

judgment that forecloses an argument of a bona fide dispute". *In re Baron*, No. 12-37921-SGJ-7, 2013 WL 3233518, at *9 (Bankr. N.D. Tex. 26 June 2013) (findings of fact and conclusions of law in support of order for relief on involuntary bankruptcy petition, discussing the court's grant of partial summary judgment).

Accordingly, on 17–18 June 2013, the bankruptcy court held a trial on the remaining issue: whether Baron was insolvent under 11 U.S.C. § 303(h). In the above-referenced order for relief, the bankruptcy court concluded § 303(h) did not present a bar to creditors' involuntary petition because "Baron has long been not paying his enormous legal fees as they generally become due". *Id.* at *14.

Baron appealed the bankruptcy court's order for relief. In September 2013, the district court allowed Novo Point LLC and Quantec LLC, companies affected by the bankruptcy court's order for relief, to intervene. A few months later, the court reversed the bankruptcy court's order for relief, vacated the fee order, and remanded the case to the bankruptcy court "for the limited purpose of dismissal of the involuntary bankruptcy action". *Baron v. Schurig*, No. 3:13-CV-3461-L, 2014 WL 25519, at *1 (N.D. Tex. 2 Jan. 2014). In interpreting *Netsphere, Inc.*, the district court concluded our court implicitly overturned the fee order. It reasoned that, because "the Fee Order is expressly based on the Receivership Order and the establishment of the receivership, which were held improper", then "the fate and validity of the . . . Fee Order [were] necessarily tied to that of the Receivership Order". *Id.* at *14. Therefore, because the bankruptcy court based its determination that creditors had standing on the preclusive effect of the now-vacated fee order, the district court reversed the order for relief. Further, the district court may have concluded that a bona-fide dispute existed, stating "there is some evidence in the record to support a finding that a bona fide dispute exists, at least with regard to the *amount* of the fee claims". *Id.* at *13 (emphasis in original).

Although raised by Baron in district court, the court found it unnecessary to rule on Baron's § 303(h) claim regarding whether he was

No. 14-10092

insolvent, stating: "The court's determination regarding the Order for Relief moots the parties' remaining grounds for relief and contentions. Accordingly, the court need not address them." *Id.* at *16.

## II.

Creditors contend primarily that the district court erred in ordering dismissal of the involuntary bankruptcy proceeding. Because the court vacated the fee order upon which the bankruptcy court relied in determining, on summary judgment, that no bona-fide dispute existed, creditors maintain they are entitled to a trial in bankruptcy court on the bona-fide-dispute issue. Additionally, although raised in, but not addressed by, the district court, Baron challenges, *inter alia*, the bankruptcy court's finding him insolvent under § 303(h).

In general, § 303(b) provides that creditors may commence an involuntary bankruptcy proceeding against the debtor if the aggregated claims of three or more creditors (or only one creditor if there are less than 12 creditors in total) equal at least $15,325. 11 U.S.C. § 303(b). Claims must "not [be] contingent as to liability or the subject of a bona fide dispute as to liability or amount". *Id.* Further, § 303(h) provides that, whenever an involuntary bankruptcy petition is filed and then timely controverted, the court, after a trial, shall order relief against the debtor in the involuntary proceeding only if, *inter alia*, "the debtor is generally not paying such debtor's debts as such debts become due unless such debts are the subject of a bona fide dispute as to liability or amount". 11 U.S.C. § 303(h).

Our addressing the following three issues obviates the need to address others presented by the parties.

## A.

For the § 303(b) issue regarding a bona-fide dispute *vel non*, and as conceded at oral argument in our court, creditors do not challenge the district

5

court's ruling that our court's opinion in *Netsphere, Inc.*, reversed implicitly the fee order. Therefore, in the light of the district court's having ruled against the partial summary judgment awarded creditors, the § 303(b) issue turns on whether the district court erred in ordering dismissal, as opposed to remanding the § 303(b) issue for trial in bankruptcy court. In other words, their partial summary judgment's having been vacated, creditors contend that they are entitled to a trial on the bona-fide-dispute issue.

"We review the district court's reversal of the bankruptcy court's grant of summary judgment *de novo.*" *In re Contractor Technology, Ltd.*, 529 F.3d 313, 319 (5th Cir. 2008) (citing *In re Robertson*, 203 F.3d 855, 858 (5th Cir. 2000)). Summary judgment is proper when, viewing the facts in the light most favorable to the non-moving party, "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law". *In re Kinkade*, 707 F.3d 546, 548 (5th Cir. 2013) (quoting Fed. R. Civ. P. 56(a)).

The district court erred in its failure to take into account the parties' joint stipulation. That stipulation reserved creditors' right to a trial on the bona-fide-dispute issue should the fee order have no preclusive effect. The stipulation provided: "[T]he sole summary judgment issue to be presented to the Court with respect to the bona fide dispute issue shall be whether prior orders issued in the District Court and this Court in a related bankruptcy matter legally foreclose any argument as to the existence of a bona fide dispute as to [creditors'] claims" and "nothing herein shall prevent [creditors] from reurging the evidence of their underlying claims at a later hearing . . . ". By vacating the fee order, the district court negated any preclusive effect of that order. *Hudson v. C.I.R.*, 71 F.3d 877, 1995 WL 725812, at *3 (5th Cir. 13 Nov. 1995) (citing *Hicks v. Quaker Oats Co.*, 662 F.2d 1158, 1168 (5th Cir. Unit A, 1981)) ("When a trial court's judgment is vacated, reversed, or set aside by an appellate court, collateral estoppel will not preclude relitigation of the trial

court's conclusions of law or findings of fact."). In addition, as discussed *supra*, it appears that the district court may have concluded that a general dispute of material fact exists regarding a bona-fide dispute. In short, creditors are entitled to a trial on the bona-fide-dispute issue.

**B.**

As also discussed *supra*, after granting summary judgment for creditors on the § 303(b) issue, the bankruptcy court held a trial on Baron's insolvency *vel non* under § 303(h). Again, under § 303(h), a debtor is insolvent if the court determines, *inter alia*, "the debtor is generally not paying such debtor's debts as such debts become due unless such debts are the subject of a bona fide dispute as to liability or amount". 11 U.S.C. § 303(h). Baron claims he was not insolvent because he was under a receivership when creditors filed their petition. As also discussed, although this issue was raised in district court, it was among those the court ruled were not necessary to address.

A bankruptcy court's conclusions of law are reviewed *de novo*; its findings of fact, for clear error. *In re TransTexas Gas Corp.*, 597 F.3d 298, 304 (5th Cir. 2010) (citing *Pullman-Standard v. Swint*, 456 U.S. 273, 287 (1982) & *In re Martin*, 963 F.2d 809, 813–14 (5th Cir. 1992)). "To the extent that we are presented with a mixed question of law and fact, we consider the question *de novo*, although we have recognized that the 'underlying facts' in mixed questions should be reviewed for clear error." *In re Green Hills Dev. Co., L.L.C.*, 741 F.3d 651, 654–55 (5th Cir. 2014) (citations omitted).

Baron asserts that, by being under a receivership when the bankruptcy action was initiated, § 303(h) could not be applied to him. The bankruptcy court determined Baron was insolvent under § 303(h) because "Baron has long been not paying his enormous legal fees as they generally become due". *In re Baron*, 2013 WL 3233518, at *14. A finding of fact is clearly erroneous if, after reviewing the record as a whole, the court is left with the definite and firm

conviction that a mistake has been made. *E.g., In re McClendon*, 765 F.3d 501, 504 (5th Cir. 2014) (citation and quotation omitted). Based on the evidence in the record, the bankruptcy court's finding is not clearly erroneous. *E.g., In re Immudyne, Inc.*, 196 F.3d 1258, 1999 WL 800230, at \*1 (5th Cir. 20 Sept. 1999) (per curiam).

## C.

Baron claims creditors' filing the involuntary bankruptcy petition violated the district court's stay, contained in the vacated receivership order, by failing to first obtain leave of the district court to file the petition. Baron supports his claim by citing cases in other circuits holding a creditor's right to seek relief in bankruptcy may be enjoined by a district court. *See S.E.C. v. Byers*, 609 F.3d 87, 91–92 (2d Cir. 2010); *Liberte Capital Grp., LLC v. Capwill*, 462 F.3d 543, 551–52 (6th Cir. 2006).

Although Baron raised this issue in bankruptcy court, neither it nor the district court addressed it. The initial resolution of this issue is best left to the bankruptcy court on remand.

## III.

For the foregoing reasons, the judgment is AFFIRMED with regard to vacating the fee order and REVERSED with regard to dismissing the involuntary-bankruptcy action. This matter is REMANDED to district court for remand to bankruptcy court for a trial on whether a bona-fide dispute exists as to creditors' fees and, consistent with this opinion, for such other proceedings as may be appropriate.